Argued February 8; modified February 28; rehearing denied March 28, 1933

## BROWN *v.* BROWN

(19 P. (2d) 428)

*C. A. Wintermeier,* of Eugene, for appellant.

*S. M. Calkins,* of Eugene (Calkins & Calkins, of Eugene, on the brief), for respondent.

BEAN, J. This is a suit to foreclose a mortgage on an undivided one-half interest in lot 4 and the west half of the southwest quarter of Section 26, Township 17 South, Range 1 West of the Willamette Meridian, in Lane county, Oregon, less one acre owned by T. E. Hill, given to secure the payment of a note for $2,000, dated December 30, 1925, due in ten years from date

with interest at the rate of six per cent per annum from date, and for reasonable attorney's fees, with the usual acceleration clause in the event the interest is not paid, executed by Merton Brown to W. A. Brown, his brother, and assigned and transferred to Nepha C. Brown, wife of the mortgagee. A chattel mortgage on certain personal property was also executed by Merton Brown, as additional security for said note in favor of W. A. Brown and assigned to plaintiff.

The answer admits the execution of the note and affirmatively alleges that there was never any consideration for said note or mortgage; that as a part of the consideration for said note Merton Brown was to have deeded to him by his mother, Nellie Y. Brown, an undivided one-half interest in the land above described, which conveyance was never executed but was refused; that plaintiff had full notice and knowledge of all the circumstances relating to the execution of said note and mortgage.

The reply avers, in substance, that heretofore in the circuit court of the state of Oregon for Lane county, in a suit in which Merton Brown and Nellie Y. Brown were plaintiffs and W. A. Brown and the First National Bank of Eugene, Oregon, a banking association, were defendants, a suit was commenced, and plaintiffs therein filed their complaint, alleging, *inter alia*:

"That the aforesaid note and the aforesaid mortgages were without any consideration whatever; that said note and mortgages were executed as aforesaid with the intent and purpose of each of the parties that the defendant, W. A. Brown, would do work for the plaintiff, the said Merton Brown * * *".

and that W. A. Brown never had performed the work contracted, except work of the value of $150; that defendant W. A. Brown filed his answer to said complaint and among other things denied therein the main allegations contained in the complaint; that said cause was duly tried and determined by the same court and judge that tried the present case, and findings of fact were made to the effect that the allegations of Merton Brown et al., plaintiffs, that the note and mortgage were without consideration, were not sustained by the evidence; that the said note and the real estate mortgage and the chattel mortgage described in the complaint were given for a valid consideration, and that there had been no failure of the consideration for said note and mortgages, and a decree was rendered dismissing the suit. The record fully sustains the allegations of the reply.

Plaintiff contends that the matters set forth in defendant's answer are res judicata. All of the record, consisting of the judgment roll and transcript of testimony, was introduced in evidence.

■■ It appears that the consideration and validity of the note and mortgage sought to be foreclosed were determined and established in the former suit and cannot again be drawn in question in the present suit between the same parties or their privies. It is the universal rule that when a judgment is rendered by a court of competent jurisdiction, on the merits, it is a bar to any future suit, between the same parties or their privies, upon the same cause of action, so long as it remains unreversed. A judgment is conclusive, not only of matters actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to and essen-

tially connected with the subject matter of the litigation. *White v. Ladd,* 41 Or. 324 (68 P. 739, 93 Am. St. Rep. 732); *Abel v. Mack,* 131 Or. 586, 594 (283 P. 8); 34 C. J. 909, § 1322; 2 Black on Judgments (2d Ed.) p. 764.

■ It appears that Nellie Y. Brown purchased the farm described about 1913; that after her sons were able to do much work on the farm, Merton Brown remained at home and operated the farm; that W. A. Brown was there a part of the time and did some work on the farm and furnished some lumber to use thereon, and that he worked elsewhere a portion of the time. Mrs. Brown, the mother, deeded to Merton Brown one-half interest in the farm. Some question arose in regard to the prospective interest of W. A. Brown in the farm, and there were some family differences. W. A. Brown's mother and brother recognized his interest in the family estate and offered him a note and mortgage if he would relinquish his interest. It was agreed between the mother and Merton that his mother should turn over the farm to Merton and that Merton should execute a mortgage on the place for $2,000 to W. A. Brown, which mortgage was executed. It was in the nature of a family settlement, as determined by the first trial. Mrs. Nellie Y. Brown has never deeded the other half interest to Merton, but she testified that she had willed the property to Merton. It will be noticed that the suit to foreclose the mortgage relates to the undivided one-half interest held by Merton Brown. There was no agreement in writing executed by W. A. Brown in regard to the relinquishment of his interest in the family estate. The mortgage in question, as found in the former suit, was given for a valid consideration in an attempt to settle the family affairs.

The first suit was appealed to this court and affirmed. See *Brown v. Brown,* 135 Or. 319 (295 P. 963). The decree of the circuit court foreclosing the mortgage in the present suit, therefore, was necessary and proper. In order to carry out the intention of the decree in the former suit and of the parties in making the family settlement, the relinquishment of W. A. Brown of his interest in the family estate to Merton Brown, his brother, should in equity be deemed a sale, although the transfer was not regularly made. Equity will consider that done which ought to have been done. In order to effectuate the family settlement, and plaintiff was acquainted with all the facts and circumstances pertaining to the former suit and the family settlement, plaintiff should be held not to be entitled to a deficiency judgment for any amount that may remain unpaid, if there be any, after the application of the proceeds of the sale of the personal property and of the undivided one-half interest in the real estate. Otherwise the intention of the former decree in the original suit and the intention of the parties in making the agreement would not be carried out.

With this modification the decree of the circuit court will be affirmed, neither party to recover costs in this court.

RAND, C. J., CAMPBELL and BAILEY, JJ., concur.