ROBERTS, APPELLANT, *v.* LEE, APPELLEE.

(No. 2817—Decided May 8, 1942.)

*Mr. J. Eugene Roberts* and *Mr. V. D. Roberts,* for appellant.

*Mr. Paul J. Fleming,* for appellee.

PHILLIPS, J. The Municipal Court of Youngstown entered a judgment upon a directed jury verdict for plaintiff, a lawyer, in his action to recover upon an oral contingent fee contract for legal services rendered defendant, which contract was reduced to writing subsequent to part performance thereof. Upon appeal to the Common Pleas Court that court entered judgment upon a jury verdict for defendant, which found the contract unreasonable and extortionate, and accordingly unenforceable.

The judgment of that court was affirmed by this court, upon plaintiff's appeal on questions of law, in which appeal the author of this opinion did not participate, but it was there held and stated in the opinion that:

"There is no question but that defendant employed plaintiff to perform legal services. There is no doubt but that some legal services were performed under this employment. It is admitted by counsel for defendant that plaintiff is entitled to some compensation. Under the finding of the jury in this case that amount is not to be determined by the written contract, but by and through another form of action."

The sole question presented to us by plaintiff's appeal on questions of law from an adverse judgment of the lower court in a new action to recover for the reasonable value of such legal services, as urged in oral argument, is whether the lower court erred prejudicially to his rights in sustaining defendant's motion and arresting the case from the consideration of the jury at the close of opening statements and directing a verdict for the defendant on the pleaded ground that the issues raised by the pleadings were *res judicata.*

Plaintiff contends that defendant is estopped to urge the defense of *res judicata* by her inconsistent actions in admitting in the first case that plaintiff had an action in *quantum meruit*; by going into the merits of that issue in the first case and offering to confess judgment in this case; that in an action upon an express contract which specifically sets out the amount agreed upon by the parties, prosecution of such action is not a conclusive election of remedies precluding plaintiff from prosecuting a subsequent action in *quantum meruit,* which he claims it is not necessary to join in the action upon the contract, and evidence upon which is inadmissible; and that in such action defendant "cannot add the theory of recovery on *quantum meruit* to that of express contract without the consent of plaintiff."

Defendant claims that the parties and issues in, and evidence essential to prove both actions are identical;

that hearing was had upon the issues thereof in the former action; and that since plaintiff could, but refused therein, to try the entire subject matter of the controversy, the judgment of the lower court in the first case is conclusive not alone as to what was determined, but also as to every other question which might properly have been litigated in the case.

Thus, concisely, are the claims of the parties presented.

This court, as formerly constituted, reversed a judgment for the plaintiff, in an action upon a contract for services rendered, for error of the trial judge in permitting the introduction of evidence on *quantum meruit* when plaintiff failed to prove the contract, but affirmed a judgment allowing plaintiff to recover on *quantum meruit* after amendment and upon retrial.

In the former action upon the contract plaintiff could have prayed for alternative relief on *quantum meruit,* but did not.

However, upon the record presented to us in this case, proceeding upon the contract without so pleading, in our opinion, did not constitute a conclusive election of remedies, precluding him from subsequently prosecuting this action to recover the reasonable value of the services rendered to defendant. Election applies only when two remedies which are not consistent are pleaded.

"It is a general rule of law that he who gains the labor or acquires property of another must make reasonable compensation for the same. Hence, when one furnishes labor to another under a contract which, for reasons not prejudicial to the former, is void and of no effect, he may recover the value of his services on a *quantum meruit* as a benefit to the person receiving them." 28 Ruling Case Law, 693, Section 30.

The only matter put in issue by the pleadings in the respective actions between the parties in our opinion

was the contract in the first and the question of *quantum meruit* in the second.

It appears to be the settled law of Ohio and many other jurisdictions that to make a judgment at law conclusive between the same parties in a subsequent suit on a different cause of action the matter attempted to be disputed in the subsequent suit must have been put in issue in the first action and therein necessarily tried and determined, in which event the judgment in the first suit operates as an estoppel only as to the questions actually litigated and determined, and not as to other matters which might have been litigated and determined. See 23 Ohio Jurisprudence, 981, Section 749.

The doctrine of *res judicata* operates only as to questions within the issues as they were made or tendered by the pleadings and does not extend to matters which might have been litigated under issues formed by additional pleadings. See 30 American Jurisprudence, 927, Section 182.

The conclusion is reached that the question of *quantum meruit* raised by the pleadings in the instant case was not necessary to be, and was not, put in issue in the action between the parties on the written contract, and, accordingly, that issue was not therein tried and determined; and that plaintiff by his conduct of the trial, in the action on the contract, did not elect to rely solely upon the remedy therein pleaded.

The judgment of the lower court is reversed and the cause is remanded thereto for further proceedings.

*Judgment reversed.*

NICHOLS, J., concurs.
CARTER, P. J., concurs in judgment.