Argued February 21, affirmed April 23, reconsideration denied June 12, petition for review allowed July 10, 1979
287 Or 123

CAMPBELL, *Appellant,*
*v.*
ROSEBURG LUMBER CO. et al, *Respondents.*
(No. 391-233, CA 11542)

593 P2d 1201

Charles Robinowitz, Portland, argued the cause and filed the briefs for appellant.

James H. Clarke, Portland, argued the cause for respondents. With him on the brief were Dezendorf, Spears, Lubersky & Campbell, Wayne Hilliard and Stephen L. Wilson, Portland.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

Plaintiff sued for damages for wrongful interference with his contract of employment and appeals from a summary judgment for defendants.

Plaintiff was a minority stockholder and long-term employee of a corporate subsidiary of the defendant corporation. Other defendants are owners and officers of the defendant corporation. There is no direct evidence that defendants participated in plaintiff's termination. The issue on summary judgment is whether the circumstances shown by plaintiff's evidence are sufficient to allow an inference that his termination was the result of defendants' wrongful acts.

The factual record is so extensive that it would not be useful to general readers to set it out. Summarizing, plaintiff has proffered proof of these circumstances:

- Plaintiff, as a minority stockholder of his employer made demands for information which might be regarded by defendants, if known to them, as troublemaking. The termination occurred shortly thereafter.

- Plaintiff, a long-term employee, was terminated on short notice. The reason given was a reduction in work force due to termination of a project on which plaintiff was principal engineer. In fact, the project continued at a reduced activity level.

The trial court concluded in essence that plaintiff's circumstantial evidence was sufficient to support a suspicion but insufficient to support an inference. We concur. Defendants also assert the defense of *res judicata.* Because of our resolution of the factual issue, we need not consider this defense.

Affirmed.