Argued and submitted November 5, affirmed December 18, 1979,
petition for rehearing denied January 15, 1980

CAMPBELL,
*Petitioner,*
*v.*
ROSEBURG LUMBER CO., et al,
*Respondents.*

(CA No. 11542, SC No. 26270)

603 P2d 1179

Charles Robinowitz, Portland, argued the cause and filed the petition and briefs for petitioner.

James H. Clarke, Portland, argued the cause and filed the response to petition with Wayne Hilliard, Portland. With them on the brief were Dezendorf, Spears, Lubersky & Campbell, and Stephen L. Wilson, Portland.

HOLMAN, J.

## HOLMAN, J.

This is an action at law for damages for wrongful interference with plaintiff's employment with Ford Industries, Inc. Defendants applied for and were granted summary judgment by the trial court and this determination was affirmed upon appeal to the Court of Appeals, 39 Or App 671, 593 P2d 1201 (1979). This court granted review.

The application for summary judgment was based upon two grounds: (1) there was insufficient evidence from which to draw an inference that defendants had interfered with plaintiff's employment and caused his discharge; and (2) *res judicata.* Upon consideration of the case, it has become apparent, assuming sufficient evidence to justify submission to a jury, plaintiff is prevented from recovery upon *res judicata* grounds.

This action is brought upon the basis that defendants, who owned or controlled a majority of the stock of Ford Industries, interfered with plaintiff's contract of employment by inducing Ford Industries to discharge plaintiff. It is alleged that the interference was in retaliation for plaintiff's request made of Ford Industries for information from which to determine whether any of the defendants were engaged in corporate misdealings affecting the value of stock which plaintiff owned in Ford Industries. Prior to the commencement of the present action plaintiff had brought an action for damages for wrongful discharge against defendants, as well as against Ford Industries, alleging that all defendants had discharged him in order to force him, through economic pressures to sell his stock in Ford Industries. The trial court sustained a demurrer to plaintiff's complaint in that action, which ruling was affirmed by this court in *Campbell v. Ford Industries, Inc.,* 266 Or 479, 513 P2d 1153 (1973). Both parties agree that had the present case been instituted subsequent to this court's decision in *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975), plaintiff

would be foreclosed from prosecuting it by the application of *res judicata* made in *Dean.*In *Dean,* in which the plaintiff brought successive cases on express contract and *quantum meruit* for the same services, we said:

> "If in the present case we apply Clark's concept of 'cause of action' for res judicata purposes (we did), it becomes apparent that there is but a single occasion for judicial relief, even though there are alternative contentions concerning the circumstances under which they were rendered and thus alternative grounds or theories for recovery. To the extent that a given state of facts is susceptible to alternative interpretation and analysis, plaintiff must seek and exhaust all alternative grounds or theories for recovery in one action." 271 Or at 194.

However, we applied the *Dean* decision only prospectively because there were cases in Oregon prior to *Dean* which permitted successive actions upon a specific contract and *quantum meruit* and there was the possibility of reliance upon them by the plaintiff in that case. The present case was commenced prior to *Dean.* It is therefore necessary to determine what the law of *res judicata* would have been under the present facts prior to *Dean.*

Plaintiff's first case alleged that pursuant to an elaborate scheme to take over complete stock ownership of Ford Industries and to squeeze out minority stockholders, defendants *discharged* plaintiff from his position with Ford Industries. It was contended that defendants were responsible for the discharge under the blue sky laws. Because in the first case it was alleged that plaintiff worked for Ford Industries and not for defendants, defendants could only have been responsible for his discharge *by causing* Ford Industries to discharge him. Nevertheless, in the present case plaintiff contends as follows:

> "The Supreme Court concluded [in the first case] that the plaintiff had not stated a valid cause of action. This meant that even if plaintiff was able to

prove each of his allegations, he could not recover any damages from the defendants. Although Ford Industries was plaintiff's employer, the plaintiff had named Allyn and Kenneth Ford and Roseburg Lumber as co-defendants. They never moved separately for dismissal on the basis that they were not his employer."

The difference to which plaintiff points between allegations in the first case that defendants discharged him and allegations in the second case that defendants induced Ford Industries to discharge him is illusory and is not a distinction upon which a plea of *res judicata* may be avoided even under the unsettled condition of the Oregon law prior to *Dean.* The allegations in the first case showed plaintiff worked for Ford Industries and, this being so, the only way defendants could have been culpable was by inducing plaintiff's employer to discharge him.

Plaintiff also contends there is a difference in the two causes of action because the first alleges the motivation for his discharge was to secure an economic lever to force him to sell his stock, while in the present case the motivation was alleged to be in retaliation for attempting to secure as a stockholder corporate information to which he was entitled. As long as the basis of the action against defendants in both cases had to be interference with plaintiff's employment with Ford Industries, the cause of action is the same. Despite the difference in the alleged motivation, the claimed improper action, causing his discharge, was identical.

Plaintiff also claims that because some Oregon cases prior to *Dean* had applied the "same evidence" test, *res judicata* should not apply. This test provides that if the evidence needed to sustain the two proceedings is the same, the cause of action is the same, and if the evidence needed to prove them is not the same, the causes of actions are different. He argues that evidence of defendants' retaliation because of his corporate information requests would not have proven that defendants were attempting to force him by economic

deprivation to sell his stock. As pointed out in *Dean* (271 Or at 197), this idea was discredited by Restatement of the Law of Judgments § 61 (1942), long before *Dean*. Comment *a.* to that section of the Restatement demonstrates that if the evidence needed to sustain both actions is the same, the cause of action is the same, but that the converse is not necessarily true. It so demonstrated by the following example:

"** * * [I]f the plaintiff suffers harm in an automobile collision and brings an action in which he alleges that a defendant was negligent in driving too fast, a judgment in the action precludes him from maintaining a second action for the same harm in which he alleges that the defendant was negligent in operating a car with defective brakes, although the evidence as to the brakes was inadmissible in the first action * * *.'"

The action in both instances would be based on negligence in operating the vehicle, just as in this case they were both based upon causing his employer to discharge plaintiff.

The Restatement illustration is apt, and we conclude that even under the state of the law prior to *Dean,* we would not have permitted successive actions under the stated facts in the illustration quoted. Likewise, neither would this court, prior to *Dean,* have allowed successive actions for causing plaintiff's discharge just because the motivation or purpose for the illegal action was alleged to be different or because the evidence to prove the two complaints would have been different. In *Dean* we set forth a list of six Oregon cases[1] decided prior thereto in which *res judicata* was applied and in which the evidence necssary to prove the first and second case would not have been the same. Our reason for the prospective application of *Dean* was that we had prior cases which, although

[1] *Barber v. Gladden,* 215 Or 129, 332 P2d 641 (1958); *Brown v. Brown,* 142 Or 275, 19 P2d 428 (1933);*Gust v. Edwards Co.,* 129 Or 409, 274 P 919 (1929); *Salene v. Isherwood,* 74 Or 35, 144 P 1175 (1914); *Yuen Suey v. Fleshman,* 65 Or 606, 133 P 803 (1913); *Belle v. Brown,* 37 Or 588, 61 P 1024 (1900).

[228]

seemingly inconsistent with the general tenor of the Oregon law at that time, permitted successive cases on express contract and *quantum meruit.*

The decision of the Court of Appeals and the trial court is affirmed.