Argued and submitted May 20, 1982, reversed in part, affirmed in part
April 27, 1983

POMERENKE et ux,
*Respondents,*
*v.*
GEARIN et ux,
*Appellants.*

(80-3596-NJ-2; CA A22207)

663 P2d 42

Lee A. Mills, Medford, argued the cause for appellants. With him on the briefs was Brophy, Wilson & Duhaime, Medford.

Frank R. Alley III, Medford, argued the cause for respondents. With him on the brief was Heffernan, Fowler, Alley & McNair, Medford.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Defendants appeal from a decree that permanently enjoins them from interfering with plaintiffs' use of an easement of record over defendants' land. Defendants assert that the trial court erred in granting the injunction, because plaintiffs' suit was barred by a decree in a prior suit between these parties quieting title in defendants. We reverse.

The facts are undisputed. The parties are adjoining landowners. (See diagram.) In 1978, plaintiffs instituted an action (hereinafter "prior action") claiming title to a 19-foot by 19-foot parcel along the boundary of the properties on the basis of the doctrine of practical location. The complaint included the recorded legal descriptions of plaintiffs' and defendants' properties. Plaintiffs' description of defendants' property contained a description of both the property boundary and an easement. There was nothing in the complaint showing the easement was appurtenant to plaintiffs' property. The description of plaintiffs' property did not mention the easement. Plaintiffs admitted that defendants owned the property as described, except for the 19-foot by 19-foot disputed parcel. Defendants counterclaimed to quiet title to their property, alleging that plaintiffs had no estate, title or interest in it. Plaintiffs replied to the counterclaim, denying all of the allegations not previously admitted in their complaint.

· The trial court entered a decree (hereinafter "prior decree") providing the following:

(1) Defendants are estopped from claiming title to the 19-foot parcel;

(2) Defendants are owners in fee simple of the property as described, except for the 19-foot parcel;

(3) Plaintiffs "have no estate, right, title, lien or interest whatsoever" in defendants' property, except for the 19-foot parcel; and

(4) Plaintiffs are "permanently enjoined from asserting any estate, right, title, lien or interest" in defendants' property, except for the 19-foot parcel.

Neither party appealed from that decree.

After the decree was entered, defendants commenced building a fence along the northern border of their property. Plaintiffs filed the present action, alleging that they owned an easement over defendants' property, and sought to enjoin defendants permanently from interfering with their use of a recorded easement. They also alleged that the purpose of the easement is to provide a roadway access from their property to a public road and that defendants' fence would cross the easement and deprive plaintiffs of that access. Defendants' answer asserted that any interest plaintiffs had in the easement was extinguished by the prior decree. The legal description of the easement contained in the complaint is the same as the one contained in the description of defendants' property in the prior action.

Both parties filed affidavits and moved for summary judgment. The trial court issued a memorandum opinion, which stated in part:

"The issue is whether or not the [prior decree] extinguished an easement over a portion of defendants' property. It is clear, from the pleadings and transcript submitted, that the easement question was never litigated in that case. The only question before the Court was the question of the 19-foot square strip. The Court could not quiet title in that case on claims which were not submitted or ever before the Court.

"It is clear, from the affidavits submitted herein, that the plaintiffs are entitled to summary judgment.* * *"

The trial court entered a decree that, in part, permanently enjoined defendants from interfering with plaintiffs' easement.[1]

The issue is whether the present suit is barred by the doctrine of res judicata.

"The doctrine of res judicata applies when a subsequent action is brought by one party against another party to a prior suit. If the two cases involve the same 'claim, demand, or cause of action,' then the judgment in the first suit not only bars all matters actually determined, but also every other matter which might have been litigated and decided as incident to or essentially connected therewith

---

[1] The decree also addressed two counterclaims raised by defendants. Those portions of the decree are not before us.

either as a claim or a defense." *Western Baptist Mission v. Griggs,* 248 Or 204, 209, 433 P2d 252 (1967).

A "cause of action" for res judicata purposes is "an aggregate of operative facts which compose a single occasion for judicial relief * * *." *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 196, 531 P2d 266 (1975).

■ ■ The prior and present actions involved the same aggregate of operative facts. In the prior action, defendants' quiet title counterclaim alleged that plaintiffs had *no* interest in defendants' property. Plaintiffs asserted in their complaint and admitted in their reply to the counterclaim that defendants owned the property as described, except for the 19-foot parcel. Thus, plaintiffs' admissions made out a *prima facie* case for defendants' right to relief on their quiet title counterclaim, except for the portion of the property defendants claimed under the doctrine of practical location. *See Rohner et ux. v. Neville,* 230 Or 31, 40, 365 P2d 614, 368 P2d 391 (1962) (*prima facie* case made out when party seeking quiet title proves his title is better than the opposing party's title). The existence of any other right plaintiffs claimed over defendants' property, including the easement, was within the scope of the issues framed and might have been the subject of proof. Plaintiffs had the burden to prove that they owned the easement over defendants' property or lose it. *See Hughes v. Heppner Lumber Co.,* 205 Or 11, 30, 283 P2d 142, 286 P2d 126 (1955). The only reason that plaintiffs' ownership of the easement was not actually litigated was that plaintiffs failed to produce any evidence of it. Therefore, on the bases of the evidence produced, the trial court properly stated in its decree that plaintiffs had no interest in defendants' property, except the 19-foot parcel.

■ ■ In the present action, plaintiffs allege an interest in defendants' property other than the 19-foot parcel, *i.e.,* the easement. The aggregate of operative facts in the present action, plaintiffs' ownership of the easement, was involved in the prior action by virtue of defendants'. counterclaim that placed the easement in jeopardy. Res judicata applies and bars the present action because the easement *could have been* litigated in the prior action. Whether an issue was *actually* raised or litigated in a prior action is the

appropriate consideration when applying the doctrine of collateral estoppel, *e.g., Gaul v. Tourtellotte,* 260 Or 14, 17, 488 P2d 416 (1971), but is not determinative when applying res judicata. *Eg., Taylor v. Baker,* 279 Or 139, 144, 566 P2d 884 (1977).

Plaintiffs argue that we should use our equity powers to refuse to enforce the prior decree, because it is unconscionable and because to apply res judicata to bar the present suit would "exalt form over substance." We disagree. First, the prior decree is not unconscionable. When defendants filed the quiet title counterclaim, in which they alleged that plaintiffs had *no* interest in defendants' property, plaintiffs had actual notice that they had to raise all their claims of interest. Plaintiffs failed to raise any claim other than to the 19-foot parcel, and, on the evidence produced at that trial, the trial court properly decided that they had no other interest in the property. Second, the application of res judicata to bar the present action advances sound public policy objectives: the "prevention of harrassment of defendants by successive legal proceedings as well as economy of judicial resources." *Dean v. Exotic Veneers, Inc., supra,* 271 Or at 192.

Reversed as to the portions of the decree granting the permanent injunction and stating that plaintiffs have an easement over defendants' property; affirmed in all other respects.

N

PLAINTIFFS' PROPERTY

19'

DEFENDANTS' PROPERTY

———————— Property Boundary

— — — — — — Easement