Herbert C. COLEMAN, Wil-Bert Farms, Inc., an Oregon corporation; Phil Olsen; Clarence Venell; Peter Dinsdale; and Fred Kaser; individually and on behalf of all similarly situated persons, Plaintiffs,

v.

FEDERAL INTERMEDIATE CREDIT BANK of Spokane, Washington; Donald Wilkinson; Larry Edwards; C.T. Frederickson; Frederick Medero; Kathleen Mullarkey; Gary Norton; William Hoffman; Everitt Foust; Ronald Bokma; Clarence W. Hollifield; Robert A. Hattrup; Eugene Davis; Frank Niessner; Harold Behler; Steven Hilts; Eldon Stoeher; Joel Krueger; and Does I through XXV, Defendants.

No. CV 84–6251E–PA.

United States District Court,
D. Oregon.

Dec. 12, 1984.

William D. Brandt, Ferder, Ogdahl & Brandt, Salem, Or., Henry A. Carey, Henry A. Carey, P.C., Portland, Or., for plaintiffs.

Clifford N. Carlsen, Jr., Richard A. Edwards, Mark A. Anderson, Miller, Nash, Wiener, Hager & Carlsen, Portland, Or., for defendants Federal Intermediate Credit Bank of Spokane, Washington, Everitt Foust, Ronald Bokma, Clarence W. Hollifield, Robert A. Hattrup, Eugene Davis, Frank Niessner, and Harold Behler.

Charles H. Turner, U.S. Atty., Jack G. Collins, Asst. U.S. Atty., Portland, Or., Richard K. Willard, Sandra M. Schraibman, Maryann Clifford, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for defendants Donald Wilkinson, Larry Edwards, C.T. Fredrickson, Frederick Medero, Kathleen

Mullarkey, Gary Norton, William Hoffman, Steven Hilts, Eldon Stoeher, Joel Krueger, and Does I through XV.

## OPINION

PANNER, Chief Judge.

This action involves essentially the same parties as were before me in *VanLeeuwen v. The Farm Credit Administration,* CV 83-1413-PA. *VanLeeuwen* was dismissed after the parties signed and filed a Settlement Agreement on May 15, 1984. Plaintiffs Herbert C. Coleman and Fred Kaser were plaintiffs in *VanLeeuwen.* The Farm Credit Administration (FCA), the Federal Intermediate Credit Bank of Spokane, Washington (FICB), and Donald Wilkinson, defendants in the present action, were defendants in *VanLeeuwen.*

Plaintiffs in the present case attempt to bring their claims as a class action under Fed.R.Civ.P. 23.1 (FRCP 23.1). Plaintiffs allege: (1) tortious interference with a contractual relationship by defendants in declaring the Willamette Production Credit Association (WPCA) to be in default; (2) tortious interference with a contractual relationship by improperly cutting off plaintiffs' loan funds; (3) tortious interference with a contractual relationship by freezing WPCA stock from August 10, 1983 through May 21, 1984; (4) breach of fiduciary duties by the FICB and its directors; (5) misrepresentation by Larry K. Butterfield in a letter to WPCA stockholders relating to the new audit, dissolution of WPCA, and formation of a new production credit association; (6) violation of Oregon securities law by the FICB in approving the allegedly inaccurate forty-ninth financial statement of the WPCA; (7) defamation by defendants Larry Edwards and Donald Wilkinson by publishing false information about the WPCA, its directors, and the quality of its loans; and (8) conspiracy to violate the Farm Credit Act by usurping control of production credit associations and centralizing this control in federal agencies.

The federal defendants and nonfederal defendants have each filed a motion to dismiss. Defendants move to dismiss the complaint on these grounds:

(1) Res judicata;

(2) The federal defendants are protected by absolute immunity, and, in some cases, prosecutorial immunity;

(3) Plaintiffs failed to comply with the requirements of FRCP 23.1;

(4) The John Doe defendants were not proper parties; and

(5) The court lacks personal jurisdiction over all federal defendants.

For the reasons stated below, I grant both defendants' motions and dismiss this case with prejudice.

## DISCUSSION

### 1. *Res Judicata.*

■ Oregon law determines whether res judicata bars plaintiffs' action. *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Oregon requires a plaintiff to seek and exhaust all alternate grounds or theories for recovery in one action. *Dean v. Exotic Veneers, Inc.*, 271 Or. 188, 531 P.2d 266 (1975). The plaintiff must combine in a single action all available legal theories arising from a single cause of action. The cause of action is an "aggregate of operative facts giving rise to a right or rights." *Id.* at 196, 531 P.2d at 269. *See also Fox v. Firestone Tire & Rubber Co.*, CV 83–6468–RE (D.Or. Sept. 27, 1984).

In *VanLeeuwen* plaintiffs contended that the FCA improperly devalued security on loans and charged off assets when performing a special audit of the association's books. *See VanLeeuwen, supra*, at 2. They contended that FCA auditors acted arbitrarily in making many of the individual calculations underlying their decisions and that the FCA violated its own regulations in performing the special audit. *Id.*

Plaintiffs' present claims of tortious interference with the contractual relationship by declaring WPCA in default, cutting off loan funds, and freezing stock are all claims which were previously brought before this court in the *VanLeeuwen* litigation. Claims of breach of fiduciary duty, misrepresentation, conspiracy, securities violations, and defamation are claims which arose from the same operative facts giving rise to the *VanLeeuwen* litigation. If they were not before the court, they should have been.

During oral argument on this motion, plaintiffs' counsel conceded that at the time of the *VanLeeuwen* stipulation he could have asked for the same relief he asks for in the present case. The present action is barred by res judicata.

### 2. *Immunity.*

#### A. *Absolute Immunity.*

■ Plaintiffs have named defendants in the present case who were not named in the *VanLeeuwen* litigation. Their claims against these defendants are barred by immunity. Federal executive officials are absolutely immune for alleged violations of care arising out of ordinary tort law if the officials are acting within the scope of their offices. *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). This absolute immunity is not altered by allegations of malice. *Spalding v. Vilas*, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1896).

■ When the alleged violation is one of state tort or statutory law, the immunity is absolute. *Miller v. DeLaune*, 602 F.2d 198 (9th Cir.1979). This absolute immunity applies only if the court finds that defendants were acting within the outer perimeter of their duties when they performed the complained of acts. *Mir v. Fosburg*, 646 F.2d 342 (9th Cir.1980) (federal defendants absolutely immune from claims of defamation and intentional infliction of emotional distress if actions were within outer perimeter of their duties). This immunity applies to discretionary actions. *Barr* at 523.

■ Each of the claims made against the federal defendants alleges a common law tort or a violation of a state statute. They

are therefore absolutely immune from suit if their duties were discretionary and the complained of acts were within the outer perimeter of these duties.

Federal defendant Wilkinson is governor of the FCA. The governor of the FCA is responsible for the execution of all of the administrative functions and duties of the FCA. 12 U.S.C. § 2244 (1980); *see also* 12 C.F.R. § 600.3. The enumerated powers of the FCA include the power to:

(11) Regulate the borrowing, repayment, and transfer of funds and equities between institutions of the System.

(12) Coordinate and assist in providing services necessary for the convenient, efficient, and effective management of the institutions of the System.

. . . .

(14) Prepare and disseminate information to the general public on use, organization, and functions of the System.

. . . .

(16) Prescribe rules and regulations necessary or appropriate for carrying out the provisions of this chapter.

(17) Exercise such incidental powers as may be necessary or appropriate to fulfill its duties and carry out the purposes of this chapter.

12 U.S.C. § 2252 (1980).

I find that all of the tortious conduct alleged against Mr. Wilkinson would be within the outer perimeter of the duties of the FCA governor outlined in 12 U.S.C. §§ 2244 and 2252. The governor has broad discretion in carrying out these duties. Therefore, Mr. Wilkinson is absolutely immune from all of the charges alleged in plaintiffs' complaint.

Title 12 U.S.C. § 2247 (1971) gives the governor the authority to appoint such other personnel as may be necessary to carry out the functions of the FCA. The other employees of the FCA are hired to assist the governor in performing his duties. *See generally* 12 C.F.R. § 600.4, *et seq.* The outer perimeters of their duties would be the same as those of the governor.

The claims against Mr. Frederickson as deputy governor; Mr. Edwards as deputy governor; Mr. Stoehr as deputy governor; Mr. Hoffman as associate deputy governor; Mr. Krueger as supervising officer; and Mr. Hilts as financial officer are the same as those against Mr. Wilkinson. Since the outer perimeters of their positions are the same as his, these defendants are also absolutely immune from all of these charges. Defendants Foust, Bokma, Hollifield, Hattrup, Davis, Niessner, and Behler are likewise absolutely immune from all these charges.

B. *Prosecutorial Immunity.*

Defendant Medero is general counsel of the FCA and defendants Mullarkey and Norton are attorneys in the FCA general counsel's office. These defendants argue that they are entitled to absolute prosecutorial immunity.

In *Butz v. Economou,* 438 U.S. 478, 517, 98 S.Ct. 2894, 2916, 57 L.Ed.2d 895 (1978), the Court found that officials who are responsible for the initiation or continuation of agency adjudications and agency attorneys who conduct trials are entitled to absolute prosecutorial immunity. There is no substantial difference between the function of an agency attorney presenting evidence in an agency hearing and the function of the prosecutor who brings evidence before the court. *Id.* at 517, 98 S.Ct. at 2916. The challenged activity of the prosecuting attorney or agency attorney must be an "integral part of the judicial process" for there to be prosecutorial immunity. *Jacobson v. Rose,* 592 F.2d 515, 527 n. 17 (9th Cir.1978). Absolute immunity is appropriate where officials who participate in the process of adjudication are likely to become defendants in later suits brought by litigants unhappy about the outcome in the original forum. *Butz v. Economu, supra,* 438 U.S. at 512, 98 S.Ct. at 2913.

The Office of General Counsel provides legal services for the FCA Board, the governor and his staff and provides leadership to legal counsel for the FCA banks in interpreting the Farm Credit Act. 12

C.F.R. § 600.4 (1980). The allegations in the present case against defendants Medero, Norton, and Mullarkey relate to actions taken by them during the time period of the *VanLeeuwen* litigation, solely in their role as attorneys. The authority given to the FCA to conduct examinations (12 C.F.R. § 601.130), to declare insolvency (12 C.F.R. § 611.1140), to order liquidation of a credit association (12 C.F.R. § 611.1130), and to defend these actions in court present a situation analogous to that of a prosecutor who decides to initiate a suit and is later sued for that decision.

Counsel for the FCA serve a prosecuting role in presenting issues such as liquidation before the FCA. Their role is an "integral part of the adjudicatory process" in the agency much as the prosecuting attorney's role is integral to the judicial process. For this reason, federal defendants Medero, Norton, and Mullarkey are protected from this suit by absolute prosecutorial immunity.

### 3. *John Doe Defendants.*

The Ninth Circuit has long held that the use of John Doe defendants is frowned upon. The proper method of adding new parties in the federal courts is in Fed.R. Civ.P. 15. *Fifty Associates v. Prudential Insurance Co. of America,* 446 F.2d 1187, 1191 (9th Cir.1970).

Plaintiffs conceded that this is the law in the Ninth Circuit. *See* Plaintiffs' Memorandum in Opposition. The complaint is also dismissed as to the John Doe defendants.

Federal defendants' and nonfederal defendants' motions to dismiss plaintiffs' complaint are granted.