This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **NO. 29,603**

**LAYBE TORRES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Stephen Pfeffer, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Susan Roth, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals from the district court's judgment and sentence. This

Court's notice proposed summary affirmance. Defendant filed a memorandum in opposition to the proposed disposition. We are not persuaded by Defendant's arguments and affirm the district court.

Defendant continues to argue that the district court abused its discretion in not declaring a mistrial because the only purpose for the prosecutor's liar comment was to arouse and inflame the jury, which resulted in prejudice and contributed to his conviction. [MIO 2-3] Defendant contends that the remark calling defense counsel a liar encouraged the jury to convict because if defense counsel was a liar, then the inference was that Defendant was also a liar. [MIO 3] Defendant further asserts that the comment, combined with the act of waiving the citation, improperly made the prosecutor an unsworn witness in a case involving issues of credibility. [MIO 4-5] In addressing Defendant's arguments, we consider "whether the prosecutor's improprieties had such a persuasive and prejudicial effect on the jury's verdict that [D]efendant was deprived of a fair trial." *State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807, *holding modified on other grounds by State v. Gallegos*, 2007-NMSC-007, ¶ 17, 141 N.M. 185, 152 P.3d 828..

The district court judge cured any impropriety by instructing the jury to disregard the prosecutor's comment. *See State v. Martinez*, 99 N.M. 353, 355-56, 658 P.2d 428, 430-31 (1983) (recognizing that the prosecutor's characterization of the

defendant as a "chola punk" was inappropriate but finding that any prejudice that might have resulted was adequately cured by instructions to the jury to disregard it). The prosecutor's isolated, one-time remark was in reference to a no seatbelt citation, and it had little or no effect on issues of credibility concerning the DWI charge. With regard to the credibility of the blood test results, it appears that the toxicologist testified he could not say with scientific certainty that the blood vial containing Defendant's name and the name "Garcia" belonged to Defendant. [MIO 1] Therefore, evidence undermining the credibility of the blood test results was admitted for the jury to consider and determine what weight and effect, if any, to place on it. We are not persuaded that the prosecutor's isolated, unrelated comment concerning the no seatbelt citation had any effect on the jury's view of the evidence admitted in support of the DWI charge. *See State v. Boergadine*, 2005-NMCA-028, ¶ 31, 137 N.M. 92, 107 P.3d 532 (holding that comments constituting an "isolated, minor impropriety" did not deprive the defendant of a fair trial (internal quotation marks and citation omitted)).

In light of the judge's corrective instruction to the jury and the remoteness of the comment to the DWI charge at issue, we hold that any error was harmless because there is no reasonable probability the error affected the verdict. *Cf. State v. Day*, 91 N.M. 570, 573-74, 577 P.2d 878, 881-82 (Ct. App. 1978) (stating that the proper

harmless error standard in a case of prosecutorial misconduct was whether there was a reasonable probability that the misconduct contributed to the conviction). Consequently, the prosecutor's remark did not deprive Defendant of a fair trial. *See State v. Taylor*, 104 N.M. 88, 96, 717 P.2d 64, 72 (Ct. App. 1986) (noting that isolated comments were not so pervasive or prejudicial as to deprive the defendant of a fair trial).

For these reasons and those stated in the notice of proposed disposition, we affirm the district court.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**