# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 22, 2010

No. 10-40209

Lyle W. Cayce
Clerk

SYLVESTER J. HOFFART,

Individually and as Guardian of the Person and Estate of Louise T. Hoffart,

Plaintiff-Appellant,

versus

HAL C. WIGGINS; JOANNE WIGGINS; DWD CONTRACTORS INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:08-CV-46

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges.

PER CURIAM:[*]

Sylvester Hoffart appeals a summary judgment on his claims for breach
of fiduciary duty, fraud, and promissory estoppel against Hal and Joanne Wig-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-40209

gins and their company, DWD Contractors, Inc. ("DWD"). The district court determined that the claims are barred by res judicata. We affirm in part, vacate in part, and remand.

I.

The elderly Hoffarts previously sued Hal Wiggins, Joanne Wiggins, and DWD in Oregon to obtain repayment of substantial sums of money they had transferred to the defendants. The Hoffarts brought two claims: the first, against only Hal Wiggins, for breach of contract, and the second, against all three defendants, for financial abuse of the elderly, an Oregon statutory claim. The Oregon trial court granted the defendants summary judgment for financial abuse but allowed the breach-of-contract claim to go to trial; the jury found in favor of Hal Wiggins. At trial, Hal and Joanne also unsuccessfully asserted cross-claims against the Hoffarts for invasion of privacy and intentional infliction of emotional distress. The Hoffarts appealed the summary judgment on the financial abuse claim, and the Oregon Court of Appeals reversed and remanded. The Hoffarts voluntarily dismissed the Oregon suit without prejudice and refiled for financial abuse in federal court in Texas.

The district court determined that the substantive law of Texas, not Oregon, applied, so the Hoffarts could not bring the claim for statutory financial abuse. Reading the Hoffarts' *pro se* pleadings liberally,[1] however, the court found that they had asserted several other claims governed by Texas law: a statutory cause of action under the Texas Theft Liability Act and common law causes of action for breach of fiduciary duty, fraud, promissory estoppel, conversion, and unjust enrichment. The court determined that conversion, unjust enrichment, and the Theft Liability Act are subject to a two-year statute of limitations

---

[1] *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996).

No. 10-40209

and thus are barred.  The court also held that the Hoffarts' claims for breach of fiduciary duty, fraud, and promissory estoppel are barred by res judicata.  The Hoffarts have appealed only the applicability of res judicata to their claims for breach of fiduciary duty, fraud, and promissory estoppel.

II.

A summary judgment is reviewed *de novo*.  *Bolton v. City of Dallas*, 472 F.3d 261, 263 (5th Cir. 2006).  Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a) (as amended eff. Dec. 1, 2010); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The movant has the burden of showing that summary judgment is appropriate, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and we view the evidence in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The doctrine of res judicata precludes a plaintiff who has prosecuted one action, and obtained a valid final judgment, from prosecuting another action against the same defendant where (1) the claim in the second action is based on the same factual transaction that was at issue in the first; (2) the plaintiff seeks a remedy additional or alternative to the one sought earlier; and (3) the claim is of such a nature as could have been joined in the first action.  *Rennie v. Freeway Transp.*, 656 P.2d 919, 921 (Or. 1982).  Federal courts are required to give state court judgments the same preclusive effect they would enjoy in the courts of the rendering state.  28 U.S.C. § 1738.  The federal court applies the claim preclusion rules of that state.  *In re Keaty*, 397 F.3d 264, 270 (5th Cir. 2005).  Here, we apply Oregon law for purposes of res judicata.

No. 10-40209

A.

The Hoffarts have appealed the dismissal of only one claim sounding in contract against Joanne Wiggins and DWD. That claim, promissory estoppel, plainly is not barred by res judicata, because Joanne and DWD were not defendants in the Oregon breach-of-contract trial. Although the district court found that they were defendants in the contract claim, the Oregon jury form and judgment show that they were not. Thus, the court erred, and the Hoffarts are not barred under res judicata from bringing the only appealed contract claim of promissory estoppel against Joanne and DWD in this Texas litigation. Summary judgment based on res judicata as to this asserted claim is vacated, and we remand for further proceedings as to this claim. As we will explain, neither are the Hoffarts's claims for breach of fiduciary duty and fraud against Joanne and DWD barred by res judicata.

B.

With respect to Hal Wiggins, all of the Hoffarts' contract claims, including promissory estoppel, are barred; Hal obtained a valid final judgment against the Hoffarts for their breach-of-contract claim against him. Because the Hoffarts could have presented alternative contractual theories of recovery against Hal in the Oregon trial, they are also barred from bringing any claims sounding in contract against Hal arising from the same factual transaction. *See Dean v. Exotic Veneers, Inc.*, 531 P.2d 266, 269-72 (Or. 1975). This includes a claim for promissory estoppel, which sounds in contract under Texas law.[2] Summary judgment on res judicata grounds, in favor of Hal on the promissory estoppel claim, was proper and is affirmed.

---

[2] *See Fretz Constr. Co. v. S. Nat'l Bank*, 626 S.W.2d 478, 480 (Tex. 1981) (stating that Texas has adopted the doctrine of promissory estoppel as set forth by the Restatement of Contracts, which describes such agreements as informal contracts).

No. 10-40209

## C.

Finally, we address the claims for breach of fiduciary duty and fraud. In the Oregon state courts, the Hoffarts, as we have noted, brought contract and tort claims against Hal and only a tort claim against Joanne and DWD. However, the Oregon trial court granted summary judgment against the Hoffarts on the financial-abuse-of-the-elderly tort claim; on appeal, the Oregon Court of Appeals reversed that summary judgment and remanded only that claim to the trial court. At that point, the Hoffarts dismissed the Oregon suit and filed this Texas suit. Although Texas has no common-law or statutory analogue denoted as "financial abuse of the elderly," the Hoffarts, who are proceeding *pro se*, may still assert this tort claim under the general Texas common law of fraud and breach of fiduciary duty, because there is no final Oregon judgment on this claim sounding in tort. We therefore vacate the summary judgment that dismissed the Hoffarts' claims for breach of fiduciary duty and fraud against all defendants–– that is Hal Wiggins, Joanne Wiggins, and DWD––and remand the claim for further consideration.

## III.

We will now summarize what we have held. First, because a final judgment was entered in favor of Hal in Oregon state court on the contract claim against him, and because that judgment was not appealed, we have held that the trial court properly granted summary judgment on res judicata grounds as to the promissory estoppel claim against him. Second, because no final judgment was ever entered in the courts of Oregon against Joanne and DWD with respect to the Hoffarts' contract claim against them, we have held that the district court erred in granting summary judgment, on res judicata grounds, on the promissory estoppel claim against Joanne and DWD, and we have remanded that claim for further proceedings. Third, and finally, because following the appeal and re-

5

No. 10-40209

mand in Oregon, there is no final judgment with respect to the financial abuse of the elderly claim, we have vacated the dismissal of the claims for breach of fiduciary duty and fraud against Hal, Joanne, and DWD, and remanded those claims for further proceedings not inconsistent with this opinion.

The judgment is therefore AFFIRMED in part and VACATED in part, and the case is REMANDED.