Argued and submitted May 30, affirmed July 2, reconsideration denied August 8, petition for review denied September 23, 1986 (302 Or 35)

GOSS et al,
*Appellants,*

*v.*

WILKINS,
*Respondent.*

(31154; CA A37134)

721 P2d 884

Robert P. Van Natta, St. Helens, argued the cause and filed the brief for appellants.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief were Douglas G. Houser, Jeremy E. Zuck and Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiffs commenced this action in circuit court to recover $93,750 in damages for a building which they alleged defendant destroyed by negligently driving a truck into it. Plaintiffs previously had commenced a separate action in district court to recover damages for items of personal property inside the building and destroyed in the same accident. The parties settled the district court action, which was dismissed with prejudice. Defendant moved for summary judgment in the circuit court action, arguing that the claim for damage to the real property is barred by *res judicata* because it arises out of the same occurrence which was the basis for the district court action and should have been raised in the former action. The trial court granted the motion, and plaintiffs appeal.

Plaintiffs recognize the trend in recent case law requiring that all claims for damages arising out of a single act or transaction be brought in a single action. *Rennie v. Freeway Transport,* 294 Or 319, 656 P2d 919 (1982); *Troutman v. Erlandson,* 287 Or 187, 598 P2d 1211 (1979); *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975). We recently recognized an exception to the general rule which permits a plaintiff separately to bring claims for property damage and personal injury arising out of the same accident. *Andrews v. Christenson,* 71 Or App 442, 692 P2d 687 (1984), *rev den* 299 Or 37 (1985). That exception is not applicable to this case.

Plaintiffs argue that the district court judgment should have no *res judicata* effect on this action because the district court lacked jurisdiction over a claim exceeding $3,000.[1] Plaintiffs rely on *Long v. Storms,* 50 Or App 39, 622 P2d 731, *rev den* 290 Or 727, *modified,* 52 Or App 685, 629 P2d 827 (1981), to support their position. In *Long v. Storms, supra,* we held that the dismissal with prejudice of an FED action pending in district court did not preclude the defendant's disputing title to the real property in a subsequent action in circuit court. We stated:

---

[1] The version of ORS 46.060 applicable to this case gave the district court exclusive jurisdiction in cases for the recovery of damages not exceeding $3,000. That section currently limits the district court's civil jurisdiction to damages not exceeding $10,000. Or Laws 1985, ch 342, § 1.

"* * * Because district courts lack power to determine title to real property, ORS 46.084, the trial court in the first FED action lacked jurisdiction over defendants' defenses, and the disposition in the district court had no res judicata effect." 50 Or App at 47.

That case is distinguishable, because there the district court lacked *subject matter* jurisdiction to consider the defense sought to be raised in the circuit court. In this case, the limitation of the jurisdiction of the district court is the amount in controversy and not the type of claim involved.[2] In addition, the plaintiff in *Long* could not have commenced the FED action in the circuit court but only in a district court or before a justice of the peace. ORS 105.110. Plaintiffs in this case could have commenced an action in the circuit court to recover all of their damages in one proceeding.

We are persuaded by *Rennie v. Freeway Transport, supra,* that plaintiffs' claim is barred by the district court judgment. The plaintiff in that case lost a securities action in federal court and then attempted to proceed in state court on a fraud claim for the same allegedly wrongful conduct. The Supreme Court held that, because the plaintiff's state law claim could have been litigated in federal court under the doctrine of pendent jurisdiction, it was barred by *res judicata* from being asserted in a separate proceeding. The court rejected the plaintiff's argument that *res judicata* should not apply because the federal court could have chosen to exercise its discretion not to consider the state claim, holding that the plaintiff was "obliged to at least attempt joinder or else face preclusion in a subsequent state court action based on that claim." 294 Or at 326. The court concluded:

"A rule requiring the plaintiff, under circumstances such as this, at least to attempt joinder is congruent with the policies behind the *res judicata* doctrine.

" 'The principal purposes of res judicata are prevention of harassment of defendants by successive legal proceedings as well as economy of judicial resources. Its scope is related to the limits upon the various forms of relief which

---

[2] Plaintiffs attempt to liken this case to *Long v. Storms, supra,* by arguing that their claim for trespass to real property "puts title to real property in issue" and for that reason is outside the district court's jurisdiction. Title to real property was not placed in issue by either party in this case.

may be requested in one proceeding and the limitations upon amendments to pleadings during trial. As permissible joinder of requests for various forms of relief and amendments during trial become broader and more liberal, the reasons behind res judicata dictate that parties to actions be required to make use of such liberal procedures and not be permitted to protract litigation through a multiplicity of suits or actions which can be disposed of in one proceeding.' *Dean v. Exotic Veneers, Inc., supra,* 271 Or at 192.

"It may have been plaintiff's preference to split his claim into the state and federal law components and to try them each separately, but his unilateral claim-splitting and the consequent multiplicity of lawsuits the defendants were obligated to defend is precisely the evil sought to be avoided by the *res judicata* doctrine.

"We are convinced that the better rule, the one more consonant with the policies behind *res judicata,* is that a plaintiff must attempt to have all claims against a defendant arising out of one transaction adjudicated in one court in one proceeding, at least insofar as possible, despite the fact that the various claims may be based on different sources of law. * * *" 294 Or at 327.

We think that the principles and policies asserted in *Rennie* apply equally to plaintiffs' attempt to split their claim between the district and circuit courts and require that plaintiffs either assert in one action all their property damage claims arising from a single wrongful act or be barred from asserting claims for additional damages. Plaintiffs knew the extent of their damages when they commenced and settled the district court action. It was incumbent on them to assert in one action claims for all of their damages. Alternatively, they could have sought, as part of their negotiations to settle the district court claim, defendant's agreement not to raise the defense of *res judicata* in this action. They could not choose to split their claim into two actions. The trial court did not err in dismissing the action.

Affirmed.