Argued and submitted May 6, at Pendleton, Oregon, reversed and remanded
August 3, 1988

WILKINSON,
dba Beavercreek Equipment Co.,
*Appellant,*

*v.*

CRIPPIN,
*Respondent.*

(C87-49; CA A46370)

758 P2d 412

Bruce E. Anderson, La Grande, argued the cause for appellant. With him on the brief was Sam H. Ledridge, La Grande.

Michael W. Peterkin, La Grande, argued the cause and filed the brief for respondent.

338

Before Warden, Presiding Judge, and Graber, Judge, and Riggs, Judge pro tempore.

RIGGS, J., pro tempore.

**RIGGS, J., pro tempore.**

This is an action to recover on a note and to foreclose a security interest in personal property. Plaintiff appeals the trial court's dismissal of the complaint. We reverse and remand.

Plaintiff filed the complaint on July 14, 1987. On August 20, the trial court issued a notice that it would dismiss the case for want of prosecution thirty days from the date of the letter, unless there were further proceedings. Within the thirty day period, defendant filed a motion for summary judgment. The court set it for argument on October 14. Plaintiff filed his response to the motion on September 23. On October 2, the trial court, without further notice, dismissed the case for want of prosecution. The court's order does not refer to the motion for summary judgment or purport to rule on it.

■     If the court dismissed the case for want of prosecution, it erred. ORS 46.270[1] provides that a district court must give the parties 60 days notice before dismissing on that ground on its own motion. The court did not do so. In addition, the parties did in fact prosecute the case after receiving the notice from the court and before the dismissal. Defendant does not seriously argue that the dismissal for want of prosecution was proper. Instead, he argues that the court either did grant or should have granted his motion for summary judgment and that we should affirm the judgment in his favor on that ground. We disagree. The record is insufficient to justify summary judgment, even assuming that the court was aware of the motion and intended to rule on it.

■     Plaintiff sold defendant some farm equipment on

---

[1] ORS 46.270 provides:

"The clerk of every district court shall mail a notice to each of the attorneys of record in every civil action, suit or proceeding in their respective courts in which no proceedings have been had or papers filed for a period of more than one year, unless the court has sent an earlier notice on its own motion. The notice shall state that each such case will be dismissed by the court for want of prosecution 60 days from the date of mailing the notice, unless, on or before the expiration of the 60 days, application, either oral or written, be made to the court and good cause shown why it should be continued as a pending case. If such application is not made or good cause is not shown, the court shall dismiss each such case. Nothing contained in this section shall be construed to prevent the dismissing at any time, for want of prosecution, of any suit, action or proceeding upon motion of any party thereto."

October 8, 1985, for $5,500.[2] Defendant agreed to make a $500 payment to plaintiff on October 15, 1986, and he financed the remaining $5,000 of the purchase price through Kubota Credit Corporation (Kubota). As part of the financing, plaintiff assigned his interest in the $5,000 to Kubota. The first payment that defendant owed Kubota was due on October 15, 1986. Defendant failed to pay either Kubota or plaintiff the payments due that month. Under the terms of its agreement with Kubota, when defendant defaulted, plaintiff had to repay the amount financed and take a reassignment of the $5,000 claim. Although the formal reassignment is in the record, it is not dated, and the record does not show when plaintiff actually received the reassignment.

On April 7, 1987, plaintiff sued defendant in small claims court for the $500 payment which defendant owed him directly. He received a judgment on May 26. On July 14, plaintiff filed this case for the remaining $5,000 and to foreclose his security interest in the equipment. Defendant argues that the small claims judgment is *res judicata* on the claim for the financed amount. *See Goss v. Wilkins,* 80 Or App 241, 721 P2d 884, *rev den* 302 Or 35 (1986). However, the small claims judgment cannot be *res judicata* if plaintiff had no right to sue on the entire claim when he brought the small claims action. *See Rennie v. Freeway Transport,* 294 Or 319, 323, 656 P2d 919 (1982). There is a material issue of fact on that issue. If the assignment to Kubota was still in effect, plaintiff could not sue on that portion of the claim he did not own and could not have split his claim. Although defendant argues that plaintiff was entitled to sue from the time of the default, the contract between plaintiff and Kubota does not support that conclusion. It appears, rather, that a formal reassignment was necessary. Because there is no evidence that there was a formal reassignment before plaintiff filed the small claims action, defendant has not shown that, as a matter of law, plaintiff split his claim.

Defendant's argument that, because the financing agreement between plaintiff and Kubota required plaintiff to accept a reassignment on any defaulted sale, plaintiff had the

---

[2] The sales order shows the price as $5,500, and this is the figure that the parties use in their arguments. However, the financing agreement shows the price as $7,000. Both documents agree that the amount financed was $5,000.

ability to sue from the time of the default, fails. There is a significant difference between being required to take a reassignment and actually receiving one. Kubota's right under the contract with plaintiff was to require plaintiff to accept a reassignment and to repay the amount owed. If defendant's argument were correct, Kubota would be without recourse if plaintiff became insolvent and was unable to pay what he owed, because only plaintiff would be able to sue on the defaulted claim. That is the necessary result of accepting defendant's argument that the reassignment was automatic. Until some formal act which constituted a reassignment,[3] plaintiff did not own the claim. The record therefore does not support defendant's motion for summary judgment, and the court would have erred if it had granted it.

Reversed and remanded.

---

[3] At oral argument, plaintiff suggested that the earliest the reassignment became effective was when Kubota charged plaintiff's account for the $5,000. We do not need to decide at this point what act constituted the reassignment, but only that there is a material issue of fact concerning when the reassignment occured.