NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THEODORE E. DAUVEN; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> U.S. BANCORP; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> DENISE FRICKE, <br><br> Defendant. | No. 15-35463 <br><br> D.C. No. 3:13-cv-00844-AC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Theodore E. Dauven and Christiana C. Dauven appeal pro se the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment and dismissal order in their action alleging various federal and state law claims arising from the Dauvens' eviction from a rental property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (dismissal for failure to state a claim); *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir. 2001) (summary judgment). We affirm.

The district court properly granted summary judgment on the Dauvens' claims against defendant State Farm Mutual Automobile Insurance Company because the Dauvens failed to raise a genuine dispute of material as to whether State Farm acted with discriminatory animus. *See Orin*, 272 F.3d at 1217.

The district court properly dismissed the Dauvens' 42 U.S.C. §§ 1983 and 1985 claims because the Dauvens failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face).

The district court properly dismissed the Dauvens' wrongful eviction claim in its order dated June 30, 2014, because the claim was barred by claim preclusion. *See Drews v. EBI Cos.*, 795 P.2d 531, 535 (Or. 1990) (elements of claim preclusion).

The district court did not abuse its discretion by declining to exercise

supplemental jurisdiction over the Dauvens' remaining state law claims after dismissing the Dauvens' federal claims in its order dated May 12, 2015. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090-91 (9th Cir. 2008) (setting forth standard of review and explaining that district court may decline to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed).

The district court did not abuse its discretion by denying leave to amend because the Dauvens' repeatedly failed to cure the deficiencies identified by the district court. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (setting forth standard of review and explaining that a district court may deny leave to amend for repeated failures to cure deficiencies).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit the Dauvens' contentions regarding the amount-in-controversy requirement for diversity jurisdiction.

**AFFIRMED.**