MICHAEL W. MOSMAN, Chief United States District Judge
On April 11, 2019, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R) [16], recommending that I GRANT Defendant's Motion to Dismiss [8]. Neither party objected.
*1268 DISCUSSION
The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. See Thomas v. Arn , 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985) ; United States v. Reyna-Tapia , 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).
CONCLUSION
Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [16] in full. Defendant's Motion to Dismiss [8] is GRANTED. Plaintiff's Complaint is dismissed with prejudice.
IT IS SO ORDERED.
FINDINGS AND RECOMMENDATION
JOHN V. ACOSTA, United States Magistrate Judge
Introduction
Plaintiffs Theodore Dauven and his daughter, Christiana Dauven (collectively, the "Dauvens"), seek money damages from defendant U.S. Bancorp ("Bancorp") for the conversion of the Dauvens' personal property left at a residence in Lake Oswego, Oregon (the "Property") following their eviction in May 2011. The Dauvens allege Bancorp wrongfully removed and disposed of personal items, including furniture, appliances, home goods, and motor vehicles, left at the Property after the Dauvens were evicted without first providing them written notice as required by Chapters 90 and 105 of the Oregon Revised Statutes ("ORS"). Before the court is Bancorp's Motion to Dismiss ("Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Def. U.S. Bancorp's Mot. to Dismiss, ECF No. 8 ("Motion").) Bancorp moves to dismiss the Complaint in its entirety, alleging it is barred by claim preclusion, issue preclusion, and the statute of limitations. For the reasons that follow, Bancorp's Motion should be GRANTED.
Preliminary Procedural Matter
Bancorp requests the court take judicial notice of several documents and previous lawsuits involving the Dauvens. Specifically, Bancorp seeks judicial notice of the following documents: (1) the docket report for Theodore (Ted) Dauven v. U.S. Bancorp , Case No. 3:13-cv-00844-AC ("Dauven II "), filed in United States District Court for the District of Oregon on May 20, 2013; (2) the Findings and Recommendation issued by this court in Dauven II on March 2, 2015; (3) the Order issued on May 12, 2015 by Judge Brown adopting the Findings and Recommendation in Dauven II ; (4) the judgment entered in *1269 Dauven II ; and (5) the Findings and Recommendation issued by Judge Papak on June 7, 2010, in Barbara G. Dauven v. U.S. Bank Nat'l Ass'n , Case No. 3:09-cv-01471-PK ("Dauven I "), filed in United States District Court for the District of Oregon on December 16, 2009. (Def. U.S. Bancorp's Req. for Judicial Notice, ECF No. 9 ("Req. for Judicial Notice"), at 2-3.) Bancorp also requests the court take judicial notice of 12 lawsuits to which the Dauvens have been party-six related to the Dauvens' eviction from the Property and six initiated by the Dauvens against various parties regarding unrelated matters. (Id. at 3.) Neither party objects to the court taking judicial notice of the existence or content of the documents submitted or the previous lawsuits involving the Dauvens.
Bancorp is offering materials outside of the pleadings in support of a motion to dismiss. In general, material outside the pleadings may not be considered in ruling on a motion to dismiss unless the motion is treated as one for summary judgment and the parties are "given reasonable opportunity to present all materials made pertinent to such motion by Rule 56." Jacobson v. AEG Capital Corp. , 50 F.3d 1493, 1496 (9th Cir. 1995). There are two exceptions to this rule. First, a court may consider "material which is properly submitted to the court as part of the complaint." Lee v. Cty of Los Angeles , 240 F.3d 754, 774 (9th Cir. 2001), overruled on other grounds by Galbraith v. Cty of Santa Clara , 307 F.3d 1119, 1125-26 (9th Cir. 2002). The second exception is that under Federal Rule of Evidence ("FRE") 201, the court may take judicial notice of "matters of public record." Id. FRE 201 allows judicial notice of facts (1) that are generally known within the court's jurisdiction; or "(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). In addition to the meeting the requirements of FRE 201, the fact to be noticed must be relevant to the matter at hand. Pacific Gas and Elec. Co. v. Lynch , 216 F. Supp. 2d 1016, 1025 (N.D. Cal. 2002).
A court may take judicial notice of complaints and briefs filed in another case to determine what issues were before the court and actually litigated. Reyn's Pasta Bella, LLC v. Visa USA, Inc. , 442 F.3d 741, 746 n.6 (9th Cir. 2006). However, a court may not take judicial notice of facts presented in those documents or in court opinions for the purpose of considering those facts to be established in the case currently before them. Wyatt v. Terhune , 315 F.3d 1108, 1114 (9th Cir. 2003) (citing M/V American Queen v. San Die go Marine Constr. Corp. , 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another case so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause before them.")).
Here, the federal court documents offered by Bancorp are undeniably matters of public record that may be appropriately considered by the court for the limited purpose of determining what issues were previously raised and litigated with regard to the Dauvens' eviction. Further, the documents offered are judicial records, Lee v. City of Los Angeles , 250 F.3d 668, 688-89 (9th Cir. 2001), they relate to proceedings that involve the same parties reflected in the documents, Egan v. Teets , 251 F.2d 571, 577-79 (9th Cir. 1957), and recount judicial developments that "affect [the court's] consideration of the various issues presented," Bryant v. Carleson , 444 F.2d 353, 357 (9th Cir. 1971). The six state and federal lawsuits in which various issues stemming from the Dauvens' eviction *1270 were previously adjudicated are similarly matters of public record that may be noticed by this court. Bancorp does not explain, however, and the court cannot surmise, how the six lawsuits initiated by the Dauvens for claims unrelated to the eviction are relevant to the instant dispute. Because those lawsuits are not relevant here, they will not be considered. The court therefore takes judicial notice of the five documents listed above and the six previous lawsuits addressing the Dauvens' eviction from the Property adjudicated prior to the filing of the case at bar.
Background
I. The Dauvens' Eviction
In August 2006, the Dauvens leased the Property, located at 13120 SW Thoma Road in Lake Oswego, Oregon, from its owner, Jerry Reeves ("Reeves"). (Notice of Removal of Civil Action, ECF No. 1 ("Notice of Removal"), Ex. 1, at 1-9[1] ("Compl."), ¶ 5.) In 2008, Reeves defaulted on a loan secured by the Property, resulting in its foreclosure on July 1, 2009. (Id. ¶¶ 6, 9.) On August 12, 2009, the Dauvens received a formal 90-day notice to vacate, informing them of the foreclosure and instructing them to vacate the Property within 90 days. (Id. ¶ 11.) Believing the eviction was wrongful, the Dauvens refused to leave the Property as instructed. (Id. ¶ 14.)
The Dauvens' unwillingness to leave the Property prompted U.S. Bank National Association ("U.S. Bank") to file a forcible entry and detainer ("FED") action in the Circuit Court of the State of Oregon for the County of Clackamas. U.S. Bank Nat'l Ass'n v. All Occupants of the Premises, Ted Dauven, Barbara Dauven , Case No. FE 092002 (Clackamas Cty. Cir. Ct.). On December 16, 2009, the Dauvens appeared before Circuit Court Judge Norby, arguing the foreclosure on the Property and resulting 90-day notice to vacate had been replete with "legal irregularities and violations." (Compl. ¶ 16.) Finding the Dauvens' arguments unpersuasive, Judge Norby entered judgment in favor of U.S. Bank on December 29, 2009, and ordered the Dauvens to relinquish possession of the Property. (Id. )
The Dauvens appealed the circuit court judgment and remained steadfast in their refusal to leave the Property. (Id. ¶ 17-19.) The Oregon Court of Appeals and the Oregon Supreme Court subsequently denied the Dauvens' appeals. (Id. ) Consequently, U.S. Bank brought a second FED action against the Dauvens in April 2011. U.S. Bank Nat'l Ass'n v. Ted Dauven and Barbara Dauven , Case No. FE 110602 (Clackamas Cty. Cir. Ct.). In opposition, the Dauvens again argued the foreclosure had been legally deficient. Further, the Dauvens challenged the first FED proceeding and the "errant dismissal" of their subsequent appeals. (Compl. ¶ 20.) The Dauvens' legal arguments were unavailing, and judgment was entered in favor of U. S. Bank on May 16, 2011. (Id. ) Further appeals and attempts to challenge the legitimacy of the foreclosure and eviction were all "rejected by the different Courts." (Id. ¶ 23.)
On May 20, 2011, the Dauvens vacated the Property and moved in with their neighbor, Joanne Balkovic ("Mrs. Balkovic"). (Id. ¶ 24.) The close proximity of Mrs. Balkovic's residence allowed the Dauvens to "monitor" personal possessions left *1271 behind at the Property following their eviction. (Id. ) On June 22, 2011, the Dauvens were presented with a restraining order by the Clackamas County Sheriff's Office on Mrs. Balkovic's behalf. (Id. ¶ 28.) The order alleged the Dauvens had financially and emotionally abused Mrs. Balkovic and required them to vacate Mrs. Balkovic's home. (Id. ) "Within a week after the Dauvens were removed from the Balkovic residence, all [of the personal possessions remaining at the Property were] removed and [disposed] of without" notice. (Id. ¶ 28.)
II. Dauven I
On December 16, 2009, the Dauvens initiated a lawsuit in federal court against U.S. Bank, Bancorp, and Wells Fargo National Association ("Wells Fargo") (collectively, the "Banks"), asserting several claims arising from the ongoing efforts to evict the Dauvens from the Property. (Dauven I , Compl., ECF No. 2.) The complaint sought relief for a variety of state law claims against each defendant separately, but alleged only one claim - trespass asserted against all defendants generally-that implicated Bancorp. (Req. for Judicial Notice, Ex. 5, at 2-4.) At the time of filing, the first FED action was pending in state court and the Dauvens continued to reside at the Property.
On January 20, 2010, the Dauvens filed an Amended Complaint to show cause regarding the court's subject matter jurisdiction. Dauven v. U.S. Bank Nat'l Ass'n , CaseNo. 3:09-CV-01471-PK ("Dauven I "), 2012 WL 5449632, at *2 (D. Or. Sept. 7, 2012), Findings and Recommendation adopted in part, rejected in part by 2012 WL 5449628, at *1 (D. Or. Nov. 7, 2012). The Dauvens filed a Second Amended Complaint on July 30, 2010, and a Third Amended Complaint on December 30, 2010 - twice amending the complaint after the dismissal of several claims on motions filed by the Banks. Id. On July 20, 2011, the Dauvens requested leave to file a Fourth Amended Complaint. ( Dauven I , Mot./Mem. in Supp. of Mot. for Leave to File Am. Compl., ECF No. 61, Attach. 1.) Among other things, the proposed amendments included a new claim for conversion alleged against the Banks following the removal and disposal of the Dauvens' personal possessions from the Property in the weeks prior. (Id. at 33-34.[2] ) All of the newly proposed claims, including the claim for conversion, were predicated on the alleged illegality of the foreclosure on the Property and the alleged deficiency of the 90-day notice to vacate given to the Dauvens. (Id. at 29-34.)
On September 20, 2011, Judge Papak issued an Opinion and Order denying the motion to amend. (Dauven I , Op. and Order, ECF No. 67, at 7.) Though timely asserted, Judge Papak determined the proposed claims were futile because the legal theories upon which they relied-the sufficiency of the foreclosure and 90-day notice to vacate - were "previously ... litigated and rejected by the state court in two earlier FED actions." (Id. ) Accordingly, Judge Papak found the Dauvens were "precluded from pursuing claims based on those theories." (Id. ) In a footnote, however, Judge Papak noted the proposed conversion claim included "no allegations that defendants failed to follow the requirements of Or. Rev. Stat. § 90.425 regarding the disposition of personal property abandoned by a tenant." (Id. at 7 n.4.) Such a violation, he opined, "could give rise to a common law claim for conversion ... or, more likely, a claim for damages directly under that statute." (Id. )
*1272 On February 13, 2012, Mr. Dauven sought leave to file a Fifth Amended Complaint to assert a new claim for gross negligence against the Banks. (Dauven I , Mot. and Mem. in Supp. of Mot. for Leave to File Suppl. and Am. Compl., ECF No. 75, Attach. 1, ¶¶103-111.) The proposed claim alleged the Dauvens were entitled to written notice prior to the removal and disposal of the belongings left at the Property following their eviction, and that such notice was not provided in violation of ORS 90.425 and 105.165. (Id. )
On September 7, 2012, Judge Papak issued a Findings and Recommendation addressing Mr. Dauven's motion to amend and the Banks' motion for summary judgment. Dauven I , 2012 WL 5449632, at *1. With respect to the motion to amend, Judge Papak determined the motion should be denied, finding, in part, that the proposed claim would be futile because it failed to state a claim and would certainly fail on summary judgment if allowed to proceed. Dauven , 2012 WL 5449632, at *4. The proposed conversion claim turned on whether Mr. Dauven had been a "tenant" - a person "entitled under a rental agreement to occupy a dwelling unit to the exclusion of others" - when the claim accrued. Id. (quoting OR. REV. STAT. § 90.100(45)[3] ). Judge Papak determined that, because the Clackamas County Circuit Court had twice held the Dauvens were not entitled to occupy the Property in the previous FED actions, and because Mr. Dauven testified that the family had not paid rent from July 2009 until they vacated the Property in May 2011, Mr. Dauven did not qualify as a "tenant" under Oregon law, and therefore the notice requirements of ORS 90.425 were inapplicable. Id. Though Mr. Dauven challenged the legitimacy of the FED actions, Judge Papak found the previous judgments were "valid determinations of [Mr. Dauven's] tenant status" unless subsequently amended or overturned on appeal. Id.
On November 7, 2012, Judge Hernandez adopted the portion of Judge Papak's Findings and Recommendation regarding the denial of Mr. Dauven's motion to amend, and ultimately granted summary judgment in favor of the Banks on the remaining claims. Dauven v. U.S. Bancorp , Case No. 03:09-cv-01471-PK, 2012 WL 5449628, at *2 (D. Or. Nov. 7, 2012). The same day, Judge Hernandez entered judgment against the Dauvens and dismissed the case in its entirety, with prejudice. (Dauven I , Judgment, ECF No. 120.)
III. Dauven II
On May 20, 2013, the Dauvens filed a second lawsuit in federal court, asserting various claims under federal and state law stemming from their 2011 eviction from the Property and the attendant loss of certain personal possessions in that process. (Dauven II , Compl., ECF No. 2.) On July 3, 2013, the Dauvens filed an Amended Complaint that named 18 defendants, including Bancorp, and asserted claims for, among other things, conspiracy to convert property in violation of 42 U.S.C. § 1985 (" Section 1985"); and claims for wrongful eviction and conversion under state law. (Dauven II , Am. Compl., ECF No. 18, ¶¶ 142-161, 190-98, 215-18.) As relevant here, the conversion claim alleged the Banks had wrongfully evicted the Dauvens from their home, forcing them to leave most of their possessions behind. The Banks subsequently "failed to notify [the Dauvens] and allow them reasonable access to their possessions" following their eviction, resulting in the destruction, donation, or damaging of the Dauvens' belongings left at the Property. (Id. ¶¶ 215-218.)
*1273 In the months that followed, all but one of the 18 defendants named in the Amended Complaint filed a motion to dismiss or a motion for summary judgment. (Req. for Judicial Notice, Ex. 1, at 7-14.) With regard to the conversion claim, the Banks argued it should be dismissed because it was barred by either issue or claim preclusion arising out of the FED actions previously litigated in state court and Dauven I. Dauven v. U.S. Bancorp , Case No. 3:13-cv-844-AC, 2014 WL 2949310, at *14 (D. Or. Mar. 19, 2014). In a Findings and Recommendation issued March 19, 2014, this court determined that, as alleged, the conversion claim arose from conduct that occurred after the FED proceedings had concluded, and therefore the FED actions could not serve as bases for preclusion. Id. at *14. The preclusive effect of Dauven I , however, was not addressed. Though it determined the conversion claim was not precluded, this court nevertheless found the claim was deficient because it merely "appear[ed] to challenge the process provided for the removal of [the Dauvens'] personal effects," and failed to include any allegations that the Banks "at anytime, exercised dominion or control over the Dauvens' personal property." Id. Because the Dauvens' challenge failed to state a claim for conversion under Oregon law, the court recommended the claim should be dismissed. Id. On June 30, 2014, Judge Brown adopted this court's recommendation with respect to the conversion claim and dismissed it without prejudice. Dauven v. U.S. Bancorp. , Case No. 3:13-cv-844-AC, 2014 WL 2949329, at *5-*6 (D. Or. June 30, 2014).
On September 2, 2014, the Dauvens filed a Second Amended Complaint ("SAC"), again asserting a claim for conversion against the Banks. (Dauven II , Second Am. Compl., ECF No. 179, ¶¶ 220-26.) The SAC alleged ORS 90.425 and ORS 105.165 required the Banks to adhere to specific procedures regarding the removal and disposal of the Dauvens' possessions remaining at the Property following their eviction - procedures with which the Banks did not comply. (Id. ¶¶ 223-24.) Specifically, the Dauvens claimed the Banks "and/or their agents ... exercised dominion and control over the possessions and failed to notify [the Dauvens] and allow them reasonable access to their possessions for removal." (Id. ¶ 225.) As a result, the SAC alleged, the Dauvens' "possessions of a lifetime were wrongfully converted" by the removal, destruction, sale, and donation of the belongs that remained at the Property after the 2011 eviction. (Id. ¶¶ 225-26.)
All but one of the properly served defendants filed motions to dismiss. (Req. for Judicial Notice, Ex. 1, at 18-20.) In a Findings and Recommendation issued on March 2, 2015, this court recommended dismissal of all federal claims asserted in the SAC, with leave to file a Third Amended Complaint to correct the deficiencies noted therein. (Req. for Judicial Notice, Ex. 2, at 3-22.) The court declined to exercise supplemental jurisdiction over the remaining state law claims, citing the procedural posture of the case, the convenience of a state forum for the parties involved, and the values of federalism and comity. (Id. at 22-24.) Accordingly, the court recommended dismissal of the state law claims asserted in the SAC, including the claim for conversion, without prejudice, and with leave to refile those claims in state court. (Id. at 24.)
On review, Judge Brown noted that "in the two years this matter has been pending, [the Dauvens] have filed three lengthy Complaints to attempt to cure the deficiencies noted by the Magistrate Judge and this Court. [The Dauvens], however, have still failed to adequately state any claim."
*1274 Dauven v. U.S. Bancorp , Case No. 3:13-cv-844-AC, 2015 WL 2239407, at *1 (D. Or. May 12, 2015). Consequently, in an opinion issued May 12, 2015, Judge Brown declined to grant further leave to amend, and dismissed the federal claims with prejudice. Id. With respect to the remaining state law claims, Judge Brown declined supplemental jurisdiction and adopted this court's recommendation to dismiss the claims without prejudice and with leave to refile in state court. Id. Judgment was entered against the Dauvens the same day, dismissing the SAC in its entirety. (Req. for Judicial Notice, Ex. 4.) The Ninth Circuit affirmed the judgment on October 3, 2017. Dauven v. U.S. Bancorp , 698 Fed. App'x 436, 437 (9th Cir. 2017).
IV. The Instant Case
On August 6, 2018, the Dauvens filed the instant case in the Circuit Court for the State of Oregon for the County of Multnomah. The Complaint asserts a single claim for conversion against Bancorp[4] , alleging the "taking and ... retention of [the Dauvens'] property, constitutes conversion, because [Bancorp,] acting through its employees and agents[, has] intentionally [exercised] dominion and control" over the possessions left at the Property. (Compl., at 8[5] .) The conversion claim is primarily based on Bancorp's failure to provide written notice, as required by ORS 90.425 and ORS 105.165, prior to removing and disposing of the Dauvens' belongings left at the Property. (Id. )
On September 7, 2018, Bancorp properly removed the case to federal court on the basis of diversity jurisdiction. (Not. of Removal ¶¶ 4-11.) On September 14, 2018, Bancorp filed this Motion to Dismiss.
Legal Standard
Federal Rule of Civil Procedure ("Rule") 8 requires that complaints in federal court consist of "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Pleadings need not contain detailed factual allegations, but "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). However, a claim "may proceed even if it strikes a savvy judge that actual proof of [necessary] facts is improbable," and the plaintiff is unlikely to succeed on the merits. Id. at 556, 127 S.Ct. 1955.
Although a plaintiff need not allege detailed facts, a motion to dismiss under Rule 12(b)(6) will be granted if the pleading fails to provide "enough facts to state a claim to relief that is plausible on its face." Twombly , 550 U.S. 554, 570, 127 S.Ct. 1955 (2007). A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal , 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The court is required to "assume the veracity" of all *1275 well-pleaded factual allegations and draw all "reasonable inferences in favor of the nonmoving party." Holden v. Hagopian , 978 F.2d 1115, 1118 (9th Cir. 1992). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv. , 572 F.3d 962, 969 (9th Cir. 2009) (citing Iqbal , 129 S. Ct. at 1949 )).
Pro se pleadings must be "liberally construed." Allen v. Gold Country Casino , 464 F.3d 1044, 1048 (9th Cir. 2006). Before dismissing a pro se litigant's complaint, the court must give the pro se litigant leave to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint cannot be cured by amendment." Weilburg v. Shapiro , 488 F.3d 1202, 1205 (9th Cir. 2007).
Discussion
The Dauvens have previously been party, both as plaintiffs and defendants, to six separate lawsuits stemming from the events surrounding the Dauvens' 2011 eviction from the Property. The seventh lawsuit spawned from those same events is currently before this court after judgments have been entered against the Dauvens in United States District Court, Clackamas County Circuit Court, and Multnomah County Circuit Court. Bancorp now moves to dismiss the Dauvens' Complaint in its entirety, arguing it is barred by claim preclusion, issue preclusion, and the statute of limitations. (Motion, at 6-10.) The Dauvens refute Bancorp's arguments and assert their claim is neither precluded nor time-barred. (Pl.'s Mot. Opposing Def.'s Mot. to Dismiss, ECF No. 11 ("Pl.'s Resp."), at 6-8.) The court addresses each argument in turn.
I. Res Judicata
The preclusive effect of a final judgment entered in a previous lawsuit is governed by the doctrines of claim and issue preclusion, "collectively referred to as 'res judicata. ' " Taylor v. Sturgell , 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). Claim preclusion generally prohibits a party from relitigating the same claims that were raised or could have been raised in a prior action. Western Radio Servs. Co., Inc. v. Glickman , 123 F.3d 1189, 1192 (9th Cir. 1997). In contrast, issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Taylor , 553 U.S. at 892, 128 S.Ct. 2161 (quoting New Hampshire v. Maine , 532 U.S. 742, 748-49, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) ). Claim and issue preclusion prevent "parties from contesting matters that they have had a full and fair opportunity to litigate," and serve to "protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States , 440 U.S. 147, 153-54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).
Here, the parties invoke prior federal-court judgments, rendered in Dauven I and Dauven II , as well as state-court judgments, rendered in two FED actions, as bases for preclusion. Consequently, the court must determine the correct choice of law before turning to the question of whether, and to what extent, the previous lawsuits arising from the Dauvens' eviction preclude the Dauvens' current claim.
A. Choice of Law
"Determining which preclusion law governs depends on the nature of the *1276 potentially precluding judgment." In re JPMorgan Chase Derivative Litigation , 263 F. Supp. 3d 920, 930 (E.D. Cal. 2017). When the prior action is litigated in state court and results in a state-court judgment, federal courts must apply the preclusion law of the state in which the judgment was rendered. Migra v. Warren City Sch. Dist. Bd. of Educ. , 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) ; See also Valley Wood Preserving, Inc. v. Paul , 785 F.2d 751, 753 (9th Cir. 1986). The preclusive effect of a federal-court judgment, on the other hand, "is determined by federal common law." Taylor , 553 U.S. at 891, 128 S.Ct. 2161. Further, the Supreme Court has clarified that "[f]or judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." Id. at 891 n.4, 128 S.Ct. 2161. In contrast, a judgment issued pursuant to federal question jurisdiction requires federal courts to apply the federal rules of res judicata , over which the Supreme Court bears ultimate authority. Semtek Int'l, Inc. v. Lockheed Martin Corp. , 531 U.S. 497, 508, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001).
Here, the parties rely on the two judgments rendered in the state FED actions and two federal-court judgments - Dauven I , a diversity case, and Dauven II , a federal question case. (see Dauven I , Am. Compl., ECF No. 17, ¶¶ 19-23; Dauven II , First Am. Compl. ECF No. 18, ¶¶ 5-24.) Oregon preclusion law thus determines the preclusive effect of the state FED judgments and Dauven I. Because a judgment was issued on the basis of federal question jurisdiction in Dauven II , the federal preclusion rules determine the preclusive effect of that case. That Dauven II also involved state law claims is of no consequence as the state law claims were considered on the basis of supplemental jurisdiction only.
B. Claim Preclusion
Citing the numerous lawsuits preceding this action, Bancorp argues that both federal and state courts have entered final judgment in its favor with respect to all claims arising from the Dauvens' eviction and loss of personal property. (Motion, at 6.) Because a variety of claims asserted by the Dauvens against Bancorp have previously been adjudicated in multiple courts, Bancorp contends the instant case is barred by claim preclusion. (Id. ) Specifically, Bancorp asserts that all prior actions, including the state FED actions, have involved Bancorp and have involved the same factual transaction-the Dauvens' eviction and the subsequent loss of their belongings left at the Property. The Dauvens' reject Bancorp's contention that claim preclusion applies here. The Dauvens argue Judge Brown ultimately dismissed the conversion claim asserted in Dauven II , without prejudice, based on lack of subject matter jurisdiction, not claim preclusion. (Pl.'s Resp., at 6-7.) Because Oregon law governs the preclusive effect of the state FED actions and Dauven I , and federal res judicata rules govern the preclusive effect of Dauven II , the court analyzes the effects of the prior judgments separately to avoid confusion.
1. The Preclusive Effects of the State FED Actions and Dauven I
Oregon case law displays a strong allegiance to the doctrine of claim preclusion. Goss v. Wilkins , 80 Or. App. 241, 243, 721 P.2d 884, 885 (1986). Unlike issue preclusion, "claim preclusion does not require actual litigation of an issue of fact or law ... [n]or does it require that the determination of the issue be essential to the final or end result reached in the action, claim or proceeding." Drews v. EBI Companies , 310 Or. 134, 140, 795 P.2d 531, 535 (1990). Rather, for claim preclusion to *1277 apply, a party simply must have had the opportunity to litigate, whether or not it was used, and finality in the previous action. Id. A "claim" in this context "does not mean the particular form or proceeding by which a certain kind of relief is sought but, rather, a group of facts which entitled plaintiff to relief." Troutman v. Erlandson , 287 Or. 187, 205, 598 P.2d 1211 (1979).
The Oregon rule regarding claim preclusion is well-established:
[A] plaintiff who has prosecuted one action against a defendant through to a final judgment ... is barred [i.e. precluded] ... from prosecuting another action against the same defendant where the claim in the second action is one which [1] is based on the same factual transaction that was at issue in the first, [2] seeks a remedy additional or alternative to the one sought earlier, and [3] is of such a nature as could have been joined in the first action.
Drews , 310 Or. at 140, 795 P.2d 531 (quoting Rennie v. Freeway Transport , 294 Or. 319, 323, 656 P.2d 919 (1982) ). The Oregon Supreme Court has since explained the "rule forecloses a party that has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance." Bloomfield v. Weakland , 339 Or. 504, 511, 123 P.3d 275 (2005). Oregon courts thus use a transactional approach, requiring that when "a given state of facts is susceptible to alternative interpretation and analysis, [a] plaintiff must seek and exhaust all alternative grounds or theories for recovery in one action." Dean v. Exotic Veneers, Inc. , 271 Or. 188, 194, 531 P.2d 266 (1975). In other words, Oregon courts require "a plaintiff [to] join all claims that the plaintiff has against a particular defendant in a single action when those claims arise from the same set of factual circumstances." Peterson v. Temple , 323 Or. 322, 326, 918 P.2d 413 (1996).
Here, the state FED actions cannot serve as a basis for claim preclusion for two reasons. First, the Oregon rule regarding claim preclusion explicitly prohibits a plaintiff who has previously prosecuted an action against a defendant from bringing a second action against the same defendant for the same claim. The Dauvens were defendants, not plaintiffs, in both FED actions, and therefore neither case can serve to preclude the Dauvens from asserting the current claim against Bancorp. Second, both FED actions were litigated through to a final judgment prior to the removal and disposal of the Dauvens' belongings from the Property. Thus, even if the FED actions could serve as possible bases for claim preclusion in this case, the claim asserted here could not have been joined in those actions. Accordingly, the previous state FED actions do not preclude the Dauvens' current conversion claim.
But, the Dauvens brought suit as plaintiffs against defendant Bancorp in Dauven I , where a final judgment was issued in favor of Bancorp. Because the Dauvens again assert legal claims against defendant Bancorp, Dauven I may preclude the current suit if the claim preclusion elements are met. There is no disagreement between the parties that the conversion claim currently before the court stems from the same factual transaction - the Dauvens' eviction from the Property - at the heart of Dauven I. Both parties, however, neglected to address the additional claim preclusion elements in their briefs. Nevertheless, the court still must analyze whether the other elements are met with respect to Dauven I.
The second element is met if the plaintiff seeks alternative or additional remedies *1278 to those sought in the previous suit. Drews , 310 Or. at 139-40, 795 P.2d 531. The Dauvens' current lawsuit seeks $250,000 in money damages to compensate for the loss of their personal possessions. The money damages sought in this case are additional to the remedies sought for the various claims at issue in Dauven I. Thus, the second element is met here.
The third element - which highlights the strong preference exhibited in Oregon case law for the resolution of all possible claims in one proceeding - is met if the claim alleged could have been joined and fairly litigated in the prior action. Id. Though Dauven I was filed on December 16, 2009, well over a year before the Dauvens actually vacated the property following the second FED proceeding, the Dauvens could have joined the conversion claim alleged here.
Approximately one month after the Dauvens' possessions were removed from the Property in June 2011, Mr. Dauven moved to file a Fourth Amended Complaint, seeking to assert a new claim for conversion that hinged on the alleged illegality of the foreclosure and insufficiency of the 90-day notice to vacate. (Dauven I , ECF No. 61.) Judge Papak denied the motion, determining amendment would be futile because the Dauvens were precluded from relying on the legal theories underlying the claim. (Dauven I , ECF No. 6-7.) He did not, however, find that an amendment to add a claim for conversion would cause undue delay or otherwise prejudice the Banks. (Id. at 7-8.) Rather, Judge Papak concluded that Mr. Dauven's close-in-time attempt to amend the complaint to add new claims following the eviction was "not indicative of unreasonable delay" that would cause prejudice to the defendants. (Id. at 8.) Thus, if Mr. Dauven had asserted an alternative legal basis for the proposed conversion claim that was not futile, Judge Papak's opinion implies he would have permitted Mr. Dauven to amend the complaint to include new claims related to the Dauvens' eviction and loss of personal property.
Almost eight months after the Dauvens' possessions were removed, Mr. Dauven again sought leave to amend, this time asserting a conversion claim predicated on the same notice requirements at issue here. Judge Papak denied the motion, reasoning, in part, that "[Mr. Dauven] was aware of the newly alleged facts within weeks after being evicted from the property in May 2011," but waited until after discovery had closed before asserting the proposed claims. Dauven , 2012 WL 5449632, at *5. Mr. Dauven was similarly aware of those facts when he attempted to amend the complaint in July 2011 and chose not to include the lack of notice as an alternative ground on which to allege the proposed conversion claim he sought to add. Such pleading decisions are matters of personal discretion and cannot negate the fact that the claim for conversion, as it currently stands before this court, could have been joined in Dauven I if its addition would not have been futile. The third element therefore is met.
The claim preclusion elements are all met here. The Dauvens could have asserted the current conversion claim in Dauven I after their possessions were removed from the Property in June 2011. Thus, the Dauvens' claim is barred by claim preclusion and should be dismissed.
2. The Preclusive Effect of Dauven II
Under federal law, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie , 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Claim preclusion thus "applies when the earlier suit ... (1) involved the same claim *1279 or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." Mpoyo v. Litton Electro-Optical Sys. , 430 F.3d 985, 987 (9th Cir. 2005) (quoting Sidhu v. Fletco Co. , 279 F.3d 896, 900 (9th Cir. 2002) (internal quotation marks omitted)). To determine whether successive lawsuits involve the same claim or cause of action, the Ninth Circuit has instructed district courts to consider: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Clark v. Bear Stearns & Co. , 966 F.2d 1318, 1320 (9th Cir. 1992) (citing Costantini v. Trans World Airlines , 681 F.2d 1199, 1201-02 (9th Cir.), cert denied , 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982) ).
In Dauven II , the Dauvens asserted a claim for conversion against Bancorp that mirrors, to a great extent, the claim currently before the court. In response to Bancorp's contention that the current claim is barred by claim preclusion, the Dauvens cite Judge Brown's dismissal, without prejudice, of the conversion claim alleged in Dauven II on the basis of lack of subject matter jurisdiction. (Pl.'s Resp., at 6-7.) Liberally construed, the Dauvens' argument posits that a final judgment was never rendered "on the merits" in Dauven II , and therefore, claim preclusion does not apply. Bancorp counters the Dauvens misunderstand and fail to adequately address how their claim is not barred by claim preclusion in this case. (U.S. Bancorp's Reply in Supp. of its Mot. to Dismiss, ECF No. 13, at 2-3.)
With respect to Dauven II , the Dauvens' argument holds weight. "The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.' " Stewart v. U.S. Bancorp , 297 F.3d 953, 956 (2002). The conversion claim in Dauven II was twice dismissed without prejudice. Furthermore, the court explicitly granted the Dauvens leave to refile their state law claims, including the conversion claim, in state court. Thus, a final judgment was not rendered on the merits with respect to the conversion claim. Because a final judgment was not rendered with respect to the Dauvens' state law claims, Dauven II , standing alone, does not preclude the Dauvens' claim here.
3. Summary
The Dauvens' current claim is not precluded by the previous state FED proceedings or Dauven II. However, the Dauvens could have, and should have, amended the complaint in Dauven I in the weeks following their eviction and loss of property in June 2011 to add all new claims borne from those events. Such amendments, had they stated a viable claim for relief, likely would have been timely and joined by the court. The Dauvens had an obligation under Oregon law to assert all claims, alternative legal theories, and possible grounds for relief arising from their eviction and loss of property in one action but they did not, and they cannot now attempt to bring suit on a theory they failed to timely assert in Dauven I. The Dauvens' status as self-represented litigants does not relax the obligation of this court to strictly apply the principles of res judicata so that they may bring a new lawsuit every time they come across a new legal theory upon which they might seek redress. Consequently, the claim currently before the court is barred by claim preclusion and Bancorp's Motion should be GRANTED.
*1280 C. Issue Preclusion
As alleged, the Dauvens' conversion claim is centered on Bancorp's failure to provide written notice, pursuant to ORS 90.425 and 105.165, prior to removing and disposing of the Dauvens' belongings from the Property. (Compl., at 8.) Bancorp alleges the Dauven I court considered the issue of whether the Dauvens were entitled to statutory notice before their possessions were removed, and that the court conclusively determined the notice requirements did not apply because the Dauvens were not "tenants" as defined by those statutes. (Motion, at 7-8.) Consequently, Bancorp argues issue preclusion bars the Dauvens from basing their current claim on their right to statutory notice. (Id. ) In response, the Dauvens allege the conversion claim was never litigated prior to this lawsuit. (Pl.'s Resp., at 7.) Because Bancorp relies solely on Dauven I , Oregon preclusion law governs whether issue preclusion applies in this case.
"Under the doctrine of issue preclusion, a party is bound by the determination of a particular issue in an earlier proceeding." Minihan v. Stiglich , 258 Or. App. 839, 854, 311 P.3d 922 (2013) (citing Nelson v. Emerald People's Util. Dist. , 318 Or. 99, 862 P.2d 1293 (1993) ). The purpose of the doctrine is "to prevent parties from being harassed by successive, duplicative proceedings and to promote the efficient use of judicial resources." Thomas v. U.S. Bank Nat'l Ass'n , 244 Or. App. 457, 469, 260 P.3d 711 (2011) (citing North Clackamas Sch. Dist. v. White , 305 Or. 48, 50-51, 750 P.2d 485 (1988) ). Issue preclusion applies when the following requirements are met:
(1) The issue in the two proceedings is identical.
(2) The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.
(3) The party sought to be precluded has had a full and fair opportunity to be heard on that issue.
(4) The party sought to be precluded was a party was a party or was in privity with a party to the prior proceeding.
(5) The prior proceeding was the type of proceeding to which this court will give preclusive effect.
Nelson , 318 Or. at 104, 862 P.2d 1293 (citations omitted). The burden of proof rests on the invoking party as to the first, second, and fourth requirements, but the burden shifts to the party to be precluded to prove the third and fifth elements are not met. Barackman v. Anderson , 214 Or. App. 660, 667, 167 P.3d 994 (2007), review denied , 344 Or. 401, 182 P.3d 200 (2008). Even when all requirements are met, "the court must also consider the fairness" of precluding a party under the circumstances. Minihan v. Stiglich , 258 Or. App. 839, 855, 311 P.3d 922 (2013) (quoting State Farm v. Century Home , 275 Or. 97, 110, 550 P.2d 1185 (1976) ).
Bancorp contends all five elements are met here. There is no disputing the issue at bar is identical to the statutory notice issue addressed by Judge Papak in Dauven I. Further, the parties sought to be precluded here were parties or privies to the prior proceeding. Though Ms. Dauven was no longer a named plaintiff when Mr. Dauven asserted the issue of statutory notice in the proposed Fifth Amended Complaint, she was a party in privity because her interests were represented by Mr. Dauven. See Secor Invs., LLC v. Anderegg , 188 Or. App. 154, 167, 71 P.3d 538, 545-46 (2003) (stating that one of three general categories of parties that may be in privity with parties to earlier litigation includes "those whose interests are represented by a party to the action."). In fact, *1281 Mr. Dauven sought to reinstate Ms. Dauven as a plaintiff in the proposed Fifth Amended Complaint, arguing the addition would have been "entirely proper because of the new cause of action in which Plaintiff and his wife and daughter all share the same interest and assert the same claim and the same relief." (Dauven I , Mot. and Mem. in Supp. of Mot. for Leave to File Suppl. and Am. Compl., ECF No. 75, at 2.) Thus, the first and fourth requirements are met.
Whether the statutory notice issue was "actually litigated," however, is not as clear. "An issue is 'actually litigated' when 'the factual and legal issues that the plaintiff raises in the second case were actually adjudicated and essential to the determination of the first case." Ram Technical Servs., Inc. v. Koresko , 240 Or. App. 620, 632, 247 P.3d 1251 (2011). More specifically, "[w]hen an issue is properly raised, by the pleadings or otherwise , and is submitted for determination, and is determined, the issue is actually litigated." RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. d (Am. Law Inst. 1982) (emphasis added). Here, Mr. Dauven properly raised the issue when he moved to file a Fifth Amended Complaint to add a claim for gross negligence based on the apparent lack of statutory notice, arguing the Dauvens' possessions had been removed without warning one month after vacating the Property. Judge Papak considered the proposed claim under both Rule 12(b)(6) and summary judgment standards, and determined it was futile because ORS 90.425 is inapplicable unless the aggrieved party qualifies as a "tenant" under that statute - which Mr. Dauven did not. Based on that determination, Judge Papak recommended denying leave to amend, a recommendation subsequently considered and adopted by Judge Hernandez. Because the issue of whether the Dauvens were entitled to statutory notice under Chapter 90 of the Oregon Revised Statutes was fully briefed by the parties and was essential to the denial of leave to amend by two separate judges, the statutory notice issue was actually litigated in Dauven I.
The first, second, and fourth elements are met here, thus the burden shifts to the Dauvens to demonstrate the third and fifth issue preclusion elements are not met. The Dauvens offer little argument with respect to issue preclusion, simply asserting the eviction complaint was filed under ORS 105.165, which incorporates by reference the notice requirements of ORS 90.425. (Pl.'s Resp., at 7.) While that may be so, the Dauvens' argument fails to establish issue preclusion is inapplicable here. First, federal court proceedings are of a type that may be given preclusive effect. Second, the Dauvens had a full and fair opportunity to litigate the statutory notice issue in Dauven I. When they moved to file the Fifth Amended Complaint, the Dauvens were able to argue the grounds on which they sought to add the proposed claim, and subsequently filed a reply brief to address the Banks' opposition to their motion. (Dauven I , Pl.'s Reply to Def.'s Resp. in Opp'n to Pl.'s Mot. for Leave to File Suppl. and Am. Compl./Pet., ECF No. 89.) Further, the Dauvens had opportunity to object to the Findings and Recommendation issued by Judge Papak denying leave to amend, and expressly declined to do so. (Dauven I , Pl.'s Resp. to Def.'s Objections to Findings and Recommendations, ECF No. 111, at 1) ("Plaintiff has stated that he has no objections to Judge Papak's Findings and Recommendations ....") Additionally, the Dauvens did not appeal Judge Hernandez's decision adopting Judge Papak's Findings and Recommendation with respect to the motion to amend, and dismissing the claims that remained. Because the Dauvens had opportunity *1282 to fully brief the issue, object to Judge Papak's Findings and Recommendation, and appeal Judge Hernandez's adoption of Judge Papak's conclusions regarding the motion to amend, the Dauvens had a full and fair opportunity to litigate the statutory notice issue.
The requisite elements for the application of issue preclusion are met in this case. Accordingly, the Dauvens are precluded from relying on their alleged entitlement to statutory notice under ORS 90.425 and 105.165 to establish their conversion claim because it was previously determined that they are not "tenants" as defined by those statutes and thus are not entitled to the statutory notice prescribed by those statutes. Because their conversion claim and remedies sought rest squarely on Bancorp's alleged failure to adhere to the notice requirements of ORS 90.425 and 105.165, issue preclusion bars the instant claim and Bancorp's Motion should be GRANTED.
II. Statute of Limitations
Bancorp contends that even if the instant case is not barred by the doctrines of claim and issue preclusion, it is time-barred by the statute of limitations. Specifically, Bancorp argues the applicable statute of limitations for the claim at bar is governed by ORS 12.125. (Motion, at 9-10.) Under that provision, "[a]n action arising under a rental agreement or ORS chapter 90 shall be commenced within one year." OR. REV. STAT. § 12.125. Because the Dauvens' belongings were removed from the Properly in June 2011, and the Dauvens filed this suit in August 2018, Bancorp alleges this lawsuit is untimely and should be dismissed. (Motion, 9-10.) The Dauvens refute Bancorp's assertions, arguing the current lawsuit was filed under ORS chapter 105 rather than the Oregon Residential Landlord and Tenant Act ("ORLTA") codified by chapter 90. (Pl.'s Resp., at 7.) Because ORS 105.165 incorporates a specific section of chapter 90 - ORS 90.425 - the Dauvens claim "there is no doubt that [chapter 105] is not allowing ORS § 12.125 to be a controlling factor under 105.165." (Id. at 8.) The Dauvens do not identify the appropriate statute of limitations that would otherwise apply to the claim at bar.
The Oregon Supreme Court addressed the scope of ORS 12.125 in Waldner v. Stephens , 345 Or. 526, 200 P.3d 556 (2008). In that case, the plaintiffs brought a common-law negligence claim against their landlord for failing to repair the leaky roof and exterior walls of the rental unit, which allowed moisture to penetrate and contaminate the dwelling, causing the plaintiffs to suffer serious medical issues. Id. at 530, 200 P.3d 556. The landlord sought to dismiss the case in its entirety, arguing the plaintiffs' claims were untimely under ORS 12.125 because they relied on the parties' relationship as landlord and tenant and on duties which necessarily arose under the rental agreement. Id. at 532, 200 P.3d 556. Though the complaint was "laced with references to the ORLTA and the rental agreement," the Oregon Supreme Court found that neither was relied upon to directly authorize the common-law negligence claim asserted. Holding that "the one-year limitations period ... [applies] only to claims that are directly authorized by the ORLTA, i.e. , claims that seek damages or injunctive relief as provided in the ORLTA for a violation of either the rental agreement or some requirement imposed on landlords or tenants only by a provision of the ORLTA," the Oregon Supreme Court determined the plaintiffs' common-law negligence claim was not barred by ORS 12.125. Id. at 543, 200 P.3d 556.
Here, the Dauvens' claim is couched as a claim for conversion, but rests squarely on *1283 the statutory notice requirement elaborated by ORS 90.425. That the Dauvens' claim was filed under ORS 105.165 and not ORS 90.425 is of no consequence, for the part of that provision upon which the Dauvens rely is applicable only if "ORS chapter 90 applies to a dwelling unit, following restitution of the premises ... by the sheriff" pursuant to service and enforcement of a writ of execution and eviction trespass notice, and requires the removal, storage, and disposal of personal property left on the premises in accordance with ORS 90.425. OR. REV. STAT. 105.165(1). Though the Complaint refers generically to ORS 105.165 and does not identify subsection one as the authority on which the conversion claim relies, the Dauvens seek double damages which are available only "[i]f the plaintiff fails to permit the defendant to recover possession of the defendant's personal property under subsection (1) of this section." OR. REV. STAT. 105.165(4). Consequently, the Dauvens' complaint relies on subsection one of ORS 105.165, which in turn rests on the requirements of ORS 90.425. Because the Dauvens' conversion claim ultimately relies on the notice requirement imposed by a provision of the ORLTA, the one-year limitations period set forth by ORS 12.125 applies to bar the instant case. Thus, Bancorp's Motion should be GRANTED.
Conclusion
Because the Dauvens' claim is barred by claim preclusion, issue preclusion, and the statute of limitations, Bancorp's Motion to Dismiss (ECF No. 8) should be GRANTED.
Scheduling Order
The Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 29, 2019. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.
If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.
DATED this 11th day of April, 2019.

Because "Exhibit 1" attached to the Notice of Removal includes the Complaint, an attachment to the Complaint marked as "Exhibit A," proof of service, and a state court fee waiver, the court referst to the ECF page numbers to locate specific documents within Exhibit 1.

Because the paragraphs in the proposed Fourth Amended Complaint are inconsistently numbered, the court refers to the ECF page numbers to avoid confusion.

ORS 90.100(45) has since been renumbered as ORS 90.100(47).

Bancorp is the named defendant in this case, but U.S. Bank is featured prominently in the allegations outlined in the Complaint. The Dauvens refer to Bancorp and U.S. Bank interchangeably, presumably under the assumption that Bancorp and U.S. Bank are the same entity. (See Compl., at 7 ("Defendant U.S. Bancorp DBA as U.S. Bank and at all times herein mentioned ... ").) Though the Dauvens have made no showing that Bancorp bears responsibility for the conduct of U.S. Bank, the court nevertheless, for the purposes of this Motion, assumes the conduct alleged is conduct attributable to Bancorp. Whether the real party in interest is Bancorp or U.S. Bank, the analysis remains unchanged.

The paragraphs comprising the "Introduction," "Jurisdiction and Venue," and "Factual Allegations" portions of the Complaint are numbered, but the "Cause of Action" portion is not. Thus, the court cites the ECF page number here rather than a paragraph number.